222 So.2d 360

**M. H. PARSONS**

v.

**Lillie Belle PARSONS.**

**6 Div. 657.**

Supreme Court of Alabama.

April 10, 1969.

S. P. Keith, Jr., Birmingham, for appellant.

Jack H. McGuire, Tuscaloosa, for appellee.

MERRILL, Justice.

This is an appeal from a decree refusing to grant the husband's petition to modify a decree of separate maintenance that had been granted in favor of the wife in 1965.

Appellant sought to have the court remove, set aside or modify Paragraph 5 of the separate maintenance decree, which provides:

"That respondent, Lillie Belle Parsons, with her minor daughter, is hereby given the right and privilege of living, or, occupying and using said homestead and 17½ acres of lands herein described, free from interference, abuse or harrassment from M. H. Parsons, cross-respondent, pending further orders of this Court, and the said M. H. Parsons is hereby denied any right or privilege of living on, occupying and using said homestead and 17½ acres of land pending the further orders of this Court."

Appellant also averred that the changed circumstances relied on for the modification are contained in Paragraphs 2 and 3 of the petition, which read:

"That Complainant is informed and believes, and upon such information and belief, avers that respondent recently was arrested for having an illegal whiskey still on said property and operating the same thereon; that respondent is illegally using complainant's property for an illegal purpose and in all probability will, if she continues in use of said property, cause serious damage and loss to complainant's said property.

"Complainant avers that he had no knowledge or notice of respondent's illegal use of said property prior to her said arrest and apprehension."

Both appellant and appellee argued in briefs facts that are not included in the record. Argument in brief reciting matters not disclosed by the record cannot be considered on appeal. Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; Christian v. Reed, 265 Ala. 533, 92 So.2d 881, 2 Ala. Dig. Appeal & Error ⚬—714(5).

The only witness to testify was the petitioner, M. H. Parsons. It was stipulated that there was an indictment against Lillie Belle Parsons for distilling and possessing a still but there had been no trial and no arraignment. An indictment is only a charge and is not proof that the party is guilty as charged.

The trial court held that petitioner was not entitled to the relief prayed for in his petition to modify. We agree because we are convinced that the evidence was not sufficient to establish a material change of circumstances since the rendering of the prior decree.

The trial court can, in its discretion, modify an original award of alimony or support on proof of changed circumstances of the parties, one or both, but unless the discretion is abused, an order will not be reversed on appeal. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772.

We find no abuse of discretion and it follows that the decree should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.