233 So.2d 237

M. H. PARSONS

v.

Lillie Belle PARSONS.

6 Div. 49.

Court of Civil Appeals of Alabama.

March·18, 1970.

---

S. P. Keith, Jr., Birmingham, for appellant.

Jack H. McGuire, Tuscaloosa, for appellee.

WRIGHT, Judge

A divorce decree a mensa et thoro was entered in favor of appellee, Lillie Belle Parsons, by the Circuit Court of Tuscaloosa County, In Equity, in 1965. As a part of the decree, there was granted to appellee the use and right of occupancy of a 17½ acre tract upon which the home of the parties was located.

In the interim between 1965 and May 7, 1969, various petitions to modify were filed by appellant, M. H. Parsons, one of which came on appeal to the Supreme Court and is found in Parsons v. Parsons, 284 Ala. 105, 222 So.2d 360. On May 7, 1969, an additional petition to modify was filed by appellant. On May 12, 1969, appellee filed a separate case based upon a petition for divorce. The original case, including the pending petition to modify was, by order of the court, consolidated with appellee's suit for divorce, for the purpose of trial. Pleadings were settled, and when at issue, both matters were heard orally by the court and final decrees entered on October 21, 1969.

By the final decrees, appellant's petition to modify was denied and appellee's bill for divorce was granted under authority of Title 34, Section 22(1), as amended by Act 300, 1967 Session of the Legislature. This section, as amended, empowers the court to grant a divorce to either party, when there has been a decree of separate maintenance or divorce from bed and board in effect for more than two years.

As an award to appellee of alimony in gross, the decree granted her title in fee to the 17½ acres and the home, and divested title from appellant. It is from this decree, and in particular, the granting of the property to appellee as alimony in gross, that appeal was taken. It is further insisted that the court erred in its decree in failing to modify the decree of 1965. Appellant's petition to modify was addressed to that part of the original decree granting appellee the use and occupancy of the home and acreage. It was contended by appellant that there had been a change of circumstances of the parties requiring modification. The change of circumstances being that appellee had been convicted of operation or possession of an illegal whiskey still in federal court, and was on probation of sentence for said conviction. The still had been located on the premises granted to appellee for her use and occupancy. Appellant insists that the illegal use of the property by appellee was reason for terminating appellee's use of the property.

It appears that this contention is moot if the court, under the petition for divorce by appellee, was legally correct in granting the divorce and the fee of the real estate to appellee as alimony in gross.

Appellant, in brief, argues assignments of error 1, 2 and 3 in bulk and waives all other assignments. The essence of the argued assignments has been stated above, and is directed to the refusal of the trial court to modify one decree in favor of appellant, and the granting of affirmative relief to appellee in the other. Briefly stated, appellant says the court should not have given appellee the property, but rather should have returned it to appellant, both in fee and in use and occupancy.

We shall treat the evidence briefly.

The parties were married in 1960. There were no children. The disputed property was purchased after the marriage and a home was constructed thereon. There was conflict in the testimony as to whose money was used in the purchase and construction. Appellant stating that he furnished all the funds and personally constructed the house. Appellee stating she furnished several hundred dollars in the purchase of the land and construction materials, and actively assisted in the construction. Title was in appellant.

The trial court in its decree granted appellee a divorce and found from the evidence that the property had been acquired by the joint efforts of the parties; that appellant had a home for his use other than the disputed property; that appellee had no other home; that appellant was unable financially to pay alimony other than in the granting of the fee to the property as alimony in gross.

There is no question that the trial court has the authority to allow to the wife, in the granting of a divorce, alimony in gross. The amount being a matter addressed to the discretion of the trial court, as the circumstances may justify. Such award will not be revised on appeal unless shown to be an abuse of such discretion. Title 34, Section 31, 1940 Code of Alabama. Maddox v. Maddox, 276 Ala. 197, 160 So. 2d 481; White v. White, 278 Ala. 682, 180 So.2d 277.

It has long been settled that there are no fixed rules for determining an award of alimony. It must be dependent upon the evidence when considered in light of what is just and reasonable. Davis v. Davis, 274 Ala. 277, 147 So.2d 828.

We have stated that the question presented by the appellant's petition to modify is moot if the trial court was legally correct in granting a divorce to appellee.

The granting of a divorce terminates rights granted under a decree of separate maintenance. Maddox v. Maddox, supra. We find the trial court correct in granting appellee a divorce under authority of Title 34, Section 22(1), as amended. The entry of this decree terminated the effectiveness of the decree of separate maintenance entered in the first case in 1965, and thus there was nothing left to modify. The court could not be in error for failure to modify.

We have previously shown that the granting of alimony in gross to the wife in a decree of divorce is within the authority of the trial court. We have examined the evidence and cannot find that the trial court abused its discretion by its decree. The rule of presumption in favor of the correctness of the trial court in its findings in a case heard ore tenus applies. King v. King, 269 Ala. 468, 114 So.2d 145; Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700.

We cannot hold on appeal that the decree of the trial court was plainly and palpably wrong and the decree must be affirmed.

Affirmed.