259 So.2d 244

Ruben K. KING et al.

v.

Frances SMITH.

8 Div 454.

Supreme Court of Alabama.

March 16, 1972.

Mary Lee Stapp, Montgomery, for appellants.

W. H. Rogers, Moulton, for appellee.

LAWSON, Justice.

This appeal from a judgment entered by the Circuit Court of Lawrence County was submitted here on motion and on merits.

### Motion

Appellee has moved that appellants' brief be stricken because it fails to comply with Supreme Court Rule 8 in two respects and for the reason that it contains "purported affidavits of various persons" which were not in evidence.

Supreme Court Rule 8, which relates to "Forms and Length of Briefs," provides in part: "Typewritten briefs shall be on white paper, eight and one-half inches by eleven inches, with a margin one and one-half inches, and typewritten on

one side of the paper only." Appellants' brief is typewritten on only one side of white paper of the correct dimensions, but the margins on the pages of the brief are not of the width as provided in the part of Rule 8, *supra*, which we quoted above. We will not, however, strike the brief because it fails to comply with the rule because of the incorrect width of the margins. We reaffirm what was said in Southern Guaranty Ins. Co. v. Jones, 279 Ala. 577, 583, 188 So.2d 537, 542: " . . . We are not disposed to strike any brief because the marginal width of the pages of briefs do not conform exactly with Rule 8."

Supreme Court Rule 8 contains the further provisions:

"Unless authorized by order of this court, the length of appellant's brief shall not exceed fifty pages, not counting cover, index, list of authorities other than authorities listed under 'Propositions of Law,' or a condensed recital in narrative form of the evidence given by each witness where insufficiency of the evidence to sustain the verdict or finding is assigned. . . ."

Within the covers of appellants' brief are more than fifty pages, but the excess is due primarily to the fact that at the end of the brief several affidavits and other immaterial documents have been affixed. Despite this additional failure to conform to the provisions of Rule 8, *supra,* we do not feel justified in striking appellants' brief in this case wherein a matter of public interest is involved because of a more or less innocuous failure to comply with the provisions of Supreme Court Rule 8. If we struck appellants' brief the appeal would have to be dismissed. See Edmondson v. Edmondson, 281 Ala. 191, 200 So.2d 652, where the appeal was dismissed because of a total failure to comply with Supreme Court Rule 8. We do not have such a total failure here. *Cf.* Thompson Tractor Co. v. Cobb, 283 Ala. 100, 214 So.2d 558, where we distinguished *Edmondson.*

As referred to above, "purported affidavits of various persons" and other documents not shown by the record to have been before the trial court were affixed to the brief and in the text of the brief references are made to such material. But we will not strike the brief because of the presence of such documents. We will ignore them. This court has said over and over again that it is bound by the record and cannot consider statements in brief which are not supported by the record. A few of our cases so holding are cited: Central of Ga. Ry. Co. v. Ashley, 159 Ala. 145, 48 So. 981; Nelson v. Hammonds, 173 Ala. 14, 55 So. 301; Ward v. Torian, 216 Ala. 288, 112 So. 815; J. L. Davis, Inc. v. Christopher, 219 Ala. 346, 122 So. 406; MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570; Grace v. Birmingham Trust & Sav. Co., 257 Ala. 507, 59 So.2d 595; Parsons v. Parsons, 284 Ala. 105, 222 So.2d 360; Coleman v. Estes, 281 Ala. 234, 201 So.2d 391; McKinley v. McKinley, 277 Ala. 471, 172 So.2d 35. In Cash v. Usrey, 278 Ala. 313, 315, 178 So.2d 91, 93, it was said: "If appellant feels that the record is inaccurate or incomplete he may seek amendments or corrections by appropriate proceedings, but such cannot be accomplished by statements made in brief on appeal. . . ." We observed in Cooper Transfer Co. v. Alabama Public Service Commission, 271 Ala. 673, 677, 127 So.2d 632, 636, as follows: "Appellee has attached to its brief four exhibits purporting to show the relative location of the plan and the highway. These exhibits are not in the record and cannot be considered. . . ."

Appellee's motion to strike. appellants' brief is denied, but we will consider only those parts of that brief which are properly incorporated therein.

### Merits

The Lawrence County Board of Pensions and Security appointed Miss Frances Smith to be the Director of that county's Department of Pensions and Security. She possessed the requirements prescribed by

the State Personnel Department as evidenced by the fact that her name was on the register of residents of Lawrence County found to be eligible for the appointment.

The Attorney General in an opinion prepared by Chief Assistant Attorney General Walter Turner, which opinion we think is well-reasoned and grounded on apt statutory provisions, advised the Chairman of the Lawrence County Board of Pensions and Security that the Board's appointment of Miss Smith was valid. Implicit in that opinion is the view that Miss Smith was entitled to be paid a salary, although her appointment had not received the approval of the State Department of Pensions and Security.

The Honorable Ruben K. King, Commissioner of the State Department of Pensions and Security, did not recognize the appointment of Miss Smith because it was not concurred in by the State Department of Pensions and Security. Commissioner King appointed Mrs. Lazelle Henderson as acting Director of the Lawrence County Department of Pensions and Security.

The refusal of Commissioner King to recognize Miss Smith's appointment and his action in appointing Mrs. Henderson precipitated the filing by Miss Smith in the Circuit Court of Lawrence County of a petition for a writ of mandamus to be issued against Commissioner King and Mrs. Henderson commanding Commissioner King to withdraw the appointment of Mrs. Henderson and to recognize Miss Smith as the Director of the Lawrence County Department of Pensions and Security and ordering Mrs. Henderson to vacate the Director's office located in the Lawrence County Courthouse Annex.

An alternative writ of mandamus was issued against the defendants, King and Henderson, as prayed in the petition.

The defendants each filed a separate plea in abatement and "a defendant" filed a demurrer.

There was no ruling on the pleas in abatement or on the demurrer. The defendant King filed a "return and answer," to which Miss Smith filed a replication wherein she joined issue "on each separate and several denial of material facts in defendant's answer contained, and denies each separate and several allegation of new matter contained therein."

No testimony was taken. The cause was submitted "on the pleadings filed by the plaintiff and the defendants and the stipulations also filed, in writing, by the plaintiff and defendants, . . ."

The "Stipulations" read as follows:

"The parties hereby mutually submit the pleadings and the following stipulations in this cause to the Court:

"(1) Miss Frances Smith has met the requirements of the State Personnel Merit System provisions for County Welfare Director II.

"(2) Pursuant to an attorney general's opinion the State Personnel Department sent the local register to the Lawrence County Board of Pensions and Security. Said Board duly appointed Miss Frances Smith County Welfare Director II for Lawrence County, Alabama. Said County Board has performed all acts it can to effectuate said appointment.

"(3) The defendant, King, does not recognize the appointment of Miss Frances Smith in the absence of concurrence in said appointment by the State Department of Pensions and Security."

The trial court, after setting out in its "decree" certain findings of fact, "Ordered, Adjudged and Decreed" in substance as follows:

(1) That Miss Frances Smith was duly and legally appointed Director of the Lawrence County Department of Pensions and Security by the Board of Pensions and Security of that county on August 15, 1971, and that she is entitled to be paid a salary from the date of her appointment on, to wit, August 15, 1971.

(2) That any person presently occupying that office as a reprsentative of Commissioner King vacate that office and "turn all duties and responsibilities of said office over to the plaintiff [Miss Smith] . . ."

(3) That Commissioner King or his representative take steps necessary to see that Miss Smith's name is placed on the pay roll from the effective date of her appointment.

From the "decree" which we will treat as a judgment ordering the issuance of a peremptory writ of mandamus, Commissioner King and Mrs. Henderson appealed to this court.

■ We do not reach the question of venue. If averments in a complaint show that it is filed in the wrong venue, a demurrer on that ground is proper practice.— Ex parte Morton, 261 Ala. 581, 75 So.2d 500. If the venue defect is not apparent from the face of the complaint, then the question of venue is a defense in abatement.—Ballard v. First Nat. Bank of Birmingham, 261 Ala. 594, 75 So.2d 484. In this case the venue question was raised both by demurrer and by plea in abatement but, as we have observed above, there was no ruling on either pleading. Consequently, there is nothing for this court to review in regard to the venue question.—Meador-Pasley Co. v. Owen, 222 Ala. 392, 133 So. 35; McCrae v. Alexander City, 285 Ala. 444, 233 So.2d 229; Simmons v. Chesnut, 265 Ala. 256, 90 So.2d 767.

■ In passing upon the petition for mandamus, the return or answer of respondent, unless controverted, is to be taken as true.—Ex parte Adams, 216 Ala. 353, 113 So. 513.

■■ As previously shown, the petitioner or relator, Miss Smith, did join issue by filing the replication set out above. But the mere joining of issue of fact on the return or answer does not destroy the evidential value of the return. Having joined issue, the burden of controverting by competent legal evidence the facts stated in the return was upon petitioner or relator.— Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560.

The petitioner, Miss Smith, did not offer any testimony, nor did the defendants. We question the applicability of the rule to which we have just referred here because of the "Stipulations" entered into by the parties litigant. It could be said to constitute a written waiver of the need of proof.

■ As we view this case, the question presented is basically one of law, and that is, whether or not under the provisions of Act 703, approved September 5, 1951, Acts of Alabama 1950–51, Vol. II, p. 1211, a valid appointment of a director of a county department of pensions and security can be made without the approval or concurrence of the State Department of Pensions and Security. Pertinent provisions of Act 703, *supra,* are carried in Vol. 10 of the 1958 Recompiled Code of Alabama (unofficial) in Title 49, Chapter 1.

We are of the opinion that the answer to this question is found in the provisions of §§ 7 and 8 of Act 703, *supra,* the pertinent provisions of which read as follows:

"Section 7. *Composition of county boards and terms of office.*—There shall be a county board of public welfare [county board of pensions and security] in each county in the State which shall consist of seven members, not less than two of whom shall be women, selected by the court of county commissioners or county board of revenue or other governing body of the county from the citizenship of the county on the basis of their recognized interest in the public welfare; . . . The county board shall elect from its members a chairman and a secretary to serve at its pleasure. The county board shall hold meetings under rules to be established by it in conformity with the regulations of the state board, and such additional meetings as may be called by the chairman. . . .

*"The county board, subject to the provisions of the Merit System, shall appoint a county director who shall be the executive officer of the county department and the appointment shall be made without regard to political affiliation. The tenure of the county director shall be at the pleasure of the county board.* Upon request of the local board, the State Personnel Department shall establish a county register of eligibles who are residents of the county in which the vacancy exists. If no appointment is made from the local register or there is no local register then the appointment shall be made from the statewide register. [Emphasis supplied]

\* \* \* \* \* \*

"Section 8. *County departments.*— There shall be in each county a county department of public welfare [county department of pensions and security] which shall consist of the county director of Public Welfare [Pensions and Security] and such other officers and employees as the county board and State Department [State Department of Pensions and Security] shall deem necessary for the efficient performance of the welfare services of the county. The county director, subject to the approval of the county board and the provisions of the Merit System, shall appoint such staff as may be necessary to administer the welfare activities within the county. Upon request of the local board, the State Personnel Department shall establish a county register of eligibles who are residents of the county in which the vacancy exists. If no appointment is made from the local register or there is no local register then appointment shall be made from the statewide register. . . .

"It shall be the duty of the county director to meet regularly with the county board to formulate general policies, rules and regulations, which policies, rules and regulations must be consistent with the policies, rules and regulations of the State Department. All administrative and executive duties and responsibilities of the county department shall be performed by the county director and must be in accordance with the rules and regulations of the state department, subject to the approval of the state board. . . ."

Changes in designations of certain agencies brought about by legislation enacted subsequent to the effective date of Act 703, *supra*, are indicated within the brackets included in the above quotation. See Act 341, approved September 5, 1955, Acts of Alabama, 1955, Vol. II, p. 763, the pertinent provisions of which are carried in Vol. 10 of the 1958 Recompiled Code of Alabama (unofficial) as §§ 17(36)–17(42), Title 49, and § 3 of Act 402, approved November 13, 1959, Acts of Alabama 1959, Vol. II, p. 1034, which section is carried in the 1969 Cumulative Pocket Part to Vol. 13 of the 1958 Recompiled Code of Alabama, *supra*, as § 2(3), Title 60.

In brief filed on behalf of the appellants it is said:

" . . . It appears that the Commissioner [Commissioner of the State Department of Pensions and Security] must determine whether an employee has met the requirements of the State Board and must determine if standards of general efficiency have been attained by persons selected for positions to be filled in the State and County Departments. It therefore appears to Counsel that there is no question but that the Commissioner did and does have statutory authority for determining whether an employee in the County Department can, under the standards of the State Department, be employed to work as a county director of pensions and security."

We cannot find in the statutory law of this state any express provisions which support the quoted statements, nor do we think that the statements are a reasonable evaluation of the legislative intent derived from the pertinent statutory provisions.

It is also said in brief of counsel for appellants that "there are three major areas in which administrative determination would need to be made with respect to the employment of a county director." We understand that the reference to administrative determination relates to such determination by the Commissioner of the State Department of Pensions and Security. One of the three areas referred to, as we understand the argument in brief, is that the employment of a county director involves the determination of whether such an appointment is a staff position for which money is available and the law provides for the State Department to allocate funds. —§ 5, Act 703, *supra*. The second area involves decision making by the Commissioner in the employment of personnel, a matter which should conform with federal requirements. The third area or reason is that: " . . . the Commissioner must determine whether an employee has met the requirements of the State Board and must determine if standards of general efficiency have been attained by persons selected for positions to be filled in the State and County Departments."

We do not think that the fact that the Commissioner of the State Department of Pensions and Security allocates funds or that there are federal requirements, which are not set forth in the record in this case, justifies a holding that the law of this state gives to the Commissioner of the State Department of Pensions and Security the right to disapprove or veto the appointment of a director of a county department of pensions and security, which appointment has been made from a register submitted by the State Personnel Department.

In regard to the third so-called area, we are constrained to say that we find no justification in the law for that statement. True, § 4 of Act 703, *supra*, contains the following language:

" . . . The state board, subject to the provisions of the merit system wherein applicable, shall have the power and it shall be its duty to fix minimum standards of service and personnel, and to set salary schedules, based upon education, training, previous experience and general efficiency which must have been attained by persons selected for positions to be filled in the state department and the county departments of public welfare *hereinafter created.* [Emphasis supplied]"

The right to fix standards and salary schedules subject to the provisions of the Merit System cannot, in our opinion, warrant a holding that the State Department was given power to disapprove of an appointment expressly given to the county board thereafter created in the same act.

We are constrained to say that if the Legislature had thought it wise to give to the State Department of Pensions and Security or its Commissioner the right to disapprove of or veto an appointment made by a county board of pensions and security, it would have, in our opinion, expressly so provided. It did not do so and for this court to so hold would, in our opinion, constitute a usurpation of a legislative prerogative.

Reference is made in brief of appellants to administrative construction which it is said would justify a construction of Act 703 in accord with the position taken by the appellants. There was nothing before the trial court tending to show such an administrative construction.

The return of the defendant King contains averments to the effect that the petitioner, Miss Smith, did not meet the standards required by the State Department of a person selected to assume the duties of County Director of the Lawrence County Department of Pensions and Security. Even if it be assumed that Miss Smith admitted those averments by joining issue on the answer or return and not adducing proof in contravention thereof, it does not follow that the trial court erred in the judgment which it rendered. Miss Smith possessed the qualifications required by the State Personnel Department and conse-

**222**

quently she was eligible for the appointment, although the officials of the State Department of Pensions and Security were not in accord with the evaluation placed on Miss Smith's ability by the State Personnel Department.

We hold that the judgment of the Circuit Court of Lawrence County is due to be affirmed. It is so ordered.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.