This is a domestic relations case.
The following is pertinently revealed by the record before this court.
The parties were divorced on December 18, 1985. On January 3, 1986, the husband filed a motion for new trial. The motion was not ruled on by the trial court within ninety days. On November 24, 1986, the trial court "modified" the original divorce decree. The husband thereafter filed a motion to set aside the modified decree entered by the court in November 1986. The trial court denied the husband's motion and this appeal followed.
The husband contends that his motion for new trial was denied by the trial court insofar as the court failed to rule on the motion within ninety days as required by Rule 59.1, Alabama Rules of Civil Procedure. He argues, therefore, that the court's subsequent modification of the original divorce decree was void and without effect since it was issued after the expiration of the ninety-day period. We agree.
The record, as reviewed by this court on appeal, does not show any action taken by the court with respect to the husband's motion for new trial within ninety days or any evidence of an agreement of the parties such as to extend the time period as required by Rule 59.1. Where there is no evidence in the record of any "express consent" of the parties to extend the ninety-day period within which a court must act on a motion for new trial, and where the record is absent of any such action on the motion by the court within the required period of time, any order issued by the court after the ninety-day period is void and of no force or effect.Harrison v. Alabama Power Co., 371 So.2d 19 (Ala. 1979); Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App. 1978); Personnel Board for Mobile County v. Bronstein,354 So.2d 8 (Ala.Civ.App. 1977).
The court's modification of the original divorce decree was, therefore, entered without proper jurisdiction since it was issued after the denial of the motion for new trial. We accordingly hold such order as entered in November 1986 to be void and of no force or effect.
We note that this court is bound by the record as submitted for review on appeal. King v. Smith, 288 Ala. 215,259 So.2d 244 (1972). Pertinently, the record is devoid of any evidence of an express agreement between the parties meeting the Rule 59.1 requirement that would have served to extend the time within which the trial court could have acted on the husband's motion for new trial. We hardly need state that we can consider only what is contained in the record and cannot consider statements in brief which are not supported by the record. King, 288 Ala. 215, 259 So.2d 244.
This case is due to be reversed and remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur. *Page 1076