In May 1989 Gerald Payne filed an action in the Circuit Court of Limestone County against the City of Athens and the Athens Planning Commission. The complaint stemmed from the Planning Commission's refusal to approve a subdivision plat with a cul-de-sac on certain property owned by Payne.
In March 1991 the City and the Planning Commission filed a motion for summary judgment. On December 6, 1991 the trial court granted summary judgment in favor of the City and the Planning Commission. On December 13, 1991 Payne presented a motion for reconsideration to the trial court. The motion was received by the judge but was not forwarded to the circuit clerk's office until March 13, 1992. On March 24, 1992 the trial court entered an order denying the posttrial motion. Payne filed his notice of appeal on April 24, 1992.
The dispositive issue is whether this case is due to be dismissed for failure to file a timely notice of appeal. *Page 293 
This court obtains jurisdiction over an appeal only after a timely notice of appeal has been properly filed with the clerk of the trial court. Rule 4(a)(1), Alabama Rules of Appellate Procedure. A summary judgment granted in the moving party's favor upon all the issues presented or for all the relief requested is a final judgment. Gamble v. First Ala.Bank, 404 So.2d 688 (Ala.Civ.App. 1981). The 42-day period for filing an appeal begins to run from the date on which the trial court entered its final order. Rule 4(a)(1), A.R.A.P. The time for appeal may be suspended by the filing of a Rule 59(e), Alabama Rules of Civil Procedure, motion. No suspension occurs if the motion is not filed within 30 days of the entry of final judgment. Rule 59(e). If the motion is timely filed, the time for taking an appeal begins to run from the date of entry of an order granting or denying the motion. Rule 4(a)(3), A.R.A.P. If a Rule 59(e) motion is not ruled on within 90 days, it is deemed denied by operation of law on the 90th day and appeal must be taken within the next 42 days. Rule 59.1, A.R.Civ.P.; Rule 4(a)(1), A.R.A.P.
The City initially contends that Payne's motion for reconsideration was not properly filed until March 13, 1992 — the date the motion was filed with the clerk of the trial court. The City insists that because the motion was not filed within 30 days after the December 6, 1991 entry of final judgment, the 42-day period for appeal was not suspended and expired on January 17, 1992. The City contends that the April 24, 1992 notice of appeal was filed 98 days too late.
Payne suggests that the posttrial motion was properly and timely filed with the trial court on December 13, 1991. He contends that his April 24, 1992 notice of appeal was filed within 42 days after the entry of the trial court's March 24, 1992 order denying his posttrial motion.
Rule 5(e), A.R.Civ.P., provides the following:
 "Filing with the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk or register of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk."
Payne's motion for reconsideration was not filed in the manner required by Rule 5(e), A.R.Civ.P. First, the motion was not filed with the clerk of the trial court. Second, even though the motion for reconsideration may have been forwarded to the trial judge on December 13, 1991, the judge did not "note thereon the filing date and forthwith transmit [the motion] to the office of the clerk." The only notation on the motion was that it was filed in the clerk's office on March 13, 1992.
Without deciding whether the motion was properly "filed" under Rule 5(e), A.R.Civ.P., we find the notice of appeal to be untimely.
Assuming that Payne properly filed his motion for reconsideration on December 13, 1991, the 90-day period allowed by Rule 59.1, A.R.Civ.P., began to run on that day. The record does not show that the parties consented to extend the required 90-day period, nor does it show that this court granted such an extension. Rule 59.1, A.R.Civ.P. Accordingly, the motion for reconsideration was denied by operation of law on March 12, 1992, making the trial court's order of March 24, 1992 a nullity. Colburn v. Colburn, 510 So.2d 266
(Ala.Civ.App. 1987).
The trial court's judgment was final on March 12, 1992 with the expiration of the 90-day period. The time for appeal expired 42 days later, on April 23, 1992. Payne did not file his appeal until April 24, 1992; therefore, we have no alternative but to dismiss his appeal as untimely. Kichlerv. Kichler, 523 So.2d 1074 (Ala.Civ.App. 1988).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *Page 294 
this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.