I respectfully dissent from the majority's conclusion that the trial court committed reversible error by granting Union's motion for summary judgment.
As in Moore v. ClaimSouth, Inc., 628 So.2d 500 (Ala. 1993), Union's summary judgment motion did not contain a narrative summary. However, the motion stated that Union would "submit a supporting brief and affidavits in the near future or prior to any hearing on this motion." The day before the hearing on the motion, Union submitted a brief, containing a narrative summary, to the trial court. Hale did not object to the tardiness of that submission. By not bringing his objection to the trial court's attention, Hale waived any irregularity in the filing of the narrative statement. See Lane v. State,644 So.2d 1318, 1320 (Ala.Crim.App. 1994). Furthermore, Hale has not shown how he was prejudiced by the tardiness of filing the narrative summary. Rule 45, Ala.R.App.P., states that "no judgment may be reversed or set aside . . . for error as to any matter of pleading or procedure, unless . . . the error complained of has probably injuriously affected substantial rights of the parties." Under the circumstances, I fail to see how Moore v. ClaimSouth is dispositive here, or how the trial court erred in considering the narrative summary.
The trial court is afforded a wide range of discretion in applying the time requirements of Rule 56. Middaugh v. City ofMontgomery, 621 So.2d 275 (Ala. 1993). Compare Speer v. PinPalace Bowling Alley, 599 So.2d 1140 (Ala. 1992) (Rule 6(d), Ala.R.Civ.P., allows the trial court discretion to permit the service of affidavits that would otherwise be untimely).
The fact that the trial judge did not transmit Union's brief to the circuit clerk or note its filing on the case action summary should not work to Union's detriment. Rule 5(e), Ala.R.Civ.P., allows a trial judge to accept filing, and it puts the burden on the judge to get the papers to the clerk. In Payne v. City of Athens, 607 So.2d 292 (Ala.Civ.App. 1992), this court assumed that a filing with the trial judge was proper under Rule 5(e), despite the judge's failure to transmit the papers to the clerk in a timely fashion. Here, the judge's failure to transmit Union's brief to the clerk should not penalize Union. The trial court granted Union leniency at its discretion, Hale did not object, and Union should not be penalized by the judge's oversight in not transmitting the brief to the clerk. See 4A Wright Miller, Federal Practice Procedure: Civil 2d § 1153 at 445 (1987), where the authors observe the following:
 "It should be noted that filing in th[e] context [of Rule 5(e)] is complete when the judge has custody of the papers; a judge's failure to forward them 'forthwith' or to enter a necessary order will not prejudice *Page 765 
the party attempting to comply with the filing requirement."