MONROE, Judge.
In November 1997, the wife filed a complaint for divorce. On May 13, 1998, the trial court issued its final judgment of divorce. On June 10, 1998, the wife filed a motion to alter, amend, or vacate the judgment, or in the alternative, a motion for a new trial. On October 23, 1998, the trial court issued an order purporting to deny the wife’s motion. On November 30, 1998, the wife filed a notice of appeal.
Our initial inquiry is whether the wife’s notice of appeal was timely filed.
In Payne v. City of Athens, 607 So.2d 292, 293 (Ala.Civ.App.1992), this court stated:
“This court obtains jurisdiction over an appeal only after a timely notice of appeal has been properly filed with the clerk of the trial court. Rule 4(a)(1), Alabama Rules of Appellate Procedure .... The 42-day period for filing an appeal begins to run from the date on which the trial court entered its final order. Rule 4(a)(1), [Ala. RApp. PJ The time for appeal may be suspended by the filing of a Rule 59(e), Alabama Rules of Civil Procedure, motion. No suspension occurs if the motion is not filed within 30 days of the entry of final judgment. Rule 59(e). If the motion is timely filed, the time for taking an appeal begins to run from the date of entry of an order granting or denying the motion. Rule 4(a)(3), [Ala. R.App. PJ If a Rule 59(e) motion is not ruled on within 90 days, it is deemed denied by operation of law on the 90th day and appeal must be taken within the next 42 days. Rule 59.1, [Ala.] R. Civ. P.; Rule 4(a)(1), [Ala. R.App. PJ”
The trial court issued its final judgment of divorce on May 13, 1998. On June 10, 1998, the wife filed a timely post-judgment motion, pursuant to Rule 59, Ala. R. Civ. P. The 90-day period for ruling on that motion expired on September 8, 1998, and the wife’s post-judgment motion was deemed denied by operation of law on that date. See Rule 59.1, Ala. R. Civ. P. The time for an appeal expired 42 days later— on October 20, 1998. The wife did not file her notice of appeal until November 30, 1998. Thus, we must dismiss the appeal as untimely. Payne, 607 So.2d 292.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.