Jonathan Triplett appeals from a summary judgment entered in favor of his employer, Wal-Mart Stores, Inc., in his claim seeking workers' compensation benefits for an injury he allegedly sustained during the course of his employment with Wal-Mart.
Triplett sued Wal-Mart on October 31, 2001, seeking to recover workers' compensation benefits for injuries he allegedly sustained during the course of his employment. On June 14, 2002, Wal-Mart moved the trial court for a summary judgment, arguing that Triplett's accident did not occur within the line and scope of his employment and that Triplett was guilty of willful misconduct. The trial court denied Wal-Mart's motion for a summary judgment on June 21, 2002. Thereafter, on July 2, 2002, Wal-Mart moved the trial court to "reconsider" its order denying the motion for a summary judgment. Wal-Mart argued that it had made a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Wal-Mart argued also that Triplett had failed to respond to the motion for a summary judgment, much less present substantial evidence in opposition to the motion. The trial court, on July 9, 2002, granted Wal-Mart's "motion to reconsider" and entered a summary judgment in its favor.
The record indicates that Wal-Mart filed a second "motion to reconsider" with the trial court on July 12, 2002. This "motion to reconsider" is identical to the motion filed by Wal-Mart on July 2, 2002. *Page 838 
Triplett, on August 15, 2002, filed his affidavit in opposition to Wal-Mart's motion for a summary judgment. The trial court, on August 21, 2002, entered an order on the case action summary sheet purporting to grant Wal-Mart's "motion to reconsider" and to enter a summary judgment in favor of Wal-Mart. Triplett filed his notice of appeal on September 30, 2002.
The issue of jurisdiction is so fundamental that this court will take notice of it ex mero motu. International Paper Co. v. Dempsey,844 So.2d 1236 (Ala.Civ.App. 2002). This court has stated:
 "This court obtains jurisdiction over an appeal only after a timely notice of appeal has been properly filed with the clerk of the trial court. A summary judgment granted in the moving party's favor upon all the issues presented or for all the relief requested is a final judgment. The 42-day period for filing an appeal begins to run from the date on which the trial court entered its final order. The time for appeal may be suspended by the filing of a Rule 59(e), Alabama Rules of Civil Procedure, motion. No suspension occurs if the motion is not filed within 30 days of the entry of final judgment. If the motion is timely filed, the time for taking an appeal begins to run from the date of entry of an order granting or denying the motion. If a Rule 59(e) motion is not ruled on within 90 days, it is deemed denied by operation of law on the 90th day and appeal must be taken within the next 42 days."
Payne v. City of Athens, 607 So.2d 292, 293 (Ala.Civ.App. 1992) (citations omitted).
We conclude that Triplett's notice of appeal filed on September 30, 2002, is untimely and that the appeal is due to be dismissed. The 42-day time period for filing a notice of appeal began to run on July 9, 2002, the date that the trial court granted Wal-Mart's postjudgment motion and entered a summary judgment in its favor. Wal-Mart's second "motion to reconsider" filed on July 12, 2002, was a nullity and did not suspend the 42-day time period for filing a notice of appeal from running. See generally Humphries v. Humphries, 726 So.2d 698 (Ala.Civ.App. 1998). Triplett could have tolled the running of the 42-day period had he filed a postjudgment motion pursuant to Rule 59, Ala.R.Civ.P., within 30 days from the date of the trial court's final judgment entered on July 9, 2002; however, Triplett failed to file a timely postjudgment motion and the time for filing a notice of appeal was not suspended. Therefore, the notice of appeal filed on September 30, 2002, was untimely.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.