MOORE, Judge,
concurring in the result.
In Parsons v. Parsons, 45 Ala.App. 543, 233 So.2d 237 (Civ.1970), Lillie Belle Parsons obtained a judgment of divorce a mensa et thero, “a legal separation from bed and board,” Mahoney v. Mahoney, 568 So.2d 832, 832 (Ala.Civ.App.1990), from M.H. Parsons in 1965. The judgment gave Lillie Belle the right to use and occupy the marital residence. M.H. subsequently filed several petitions to modify the 1965 judgment, including one in 1969 in which he asserted that a material change of circumstances had occurred such that the provision in the 1965 judgment allowing Lillie Belle to use and occupy the marital residence should be terminated. Lillie Belle responded by filing a petition for an absolute divorce. At that time, Ala.Code 1940, Title 34, § 22(1) (Recomp.1958), empowered the courts to grant an absolute divorce to either party when there had been a decree of separate maintenance or a divorce from bed and board in effect for more than two years. The circuit court in Parsons consolidated M.H.’s modification petition with Lillie Belle’s petition for an absolute divorce. Ultimately, on October 21, 1969, the circuit court entered a judgment absolutely divorcing the parties and awarding Lillie Belle exclusive title to the marital residence.
M.H. appealed the 1969 judgment, asserting that the circuit court had erred in failing to modify the 1965 judgment and in awarding Lillie Belle exclusive title to the marital residence. On appeal, this court found that the circuit court had properly awarded the marital residence to Lillie Belle as alimony in gross in the 1969 judgment. 45 Ala.App. at 545, 233 So.2d at 239. As to the failure of the circuit court to modify the 1965 judgment, this court stated:
“We have stated that the question presented by the appellant’s petition to modify is moot if the trial court was legally correct in granting a divorce to appellee. The granting of a divorce terminates rights granted under a decree of separate maintenance. Maddox v. Maddox, [276 Ala. 197, 160 So.2d 481 (1964) ]. We find the trial court correct in granting appellee a divorce under authority of Title 34, Section 22(1), as amended. The entry of this decree terminated the effectiveness of the decree of separate maintenance entered in the first in 1965, and thus there was nothing left to modify. The court could not be in error for failure to modify.”
45 Ala.App. at 545, 233 So.2d at 239-40 (emphasis added).
In Parsons, this court held that, when a party petitions a circuit court to convert a legal separation into an absolute divorce, the circuit court may make such maintenance provisions as allowed under its general equitable powers in an original divorce proceeding. The subsequent divorce judgment “terminatefs] the effectiveness” of any inconsistent maintenance provisions in a prior judgment of legal separation. Accordingly, a circuit court need not consider whether any material change of circumstances has occurred since the entry of the legal-separation judgment that would have warranted a modification of the legal-separation judgment. Parsons has since been cited for the proposition that
“[a] judgment of divorce, with its attending finality and conclusiveness, generally abates all judgments of separation, including all incidents flowing from such judgment of separation.”
27C C.J.S. Divorce § 1201 (2005).
Since this court decided Parsons, our legislature has repealed the statute that allowed for a divorce a mensa et thoro and replaced it with § 30-2-40, AIa.Code 1975, *540 which provides for a judgment of legal separation. The law still remains, however,- that either party to a marriage may petition a circuit court for a divorce judgment if a legal-separation judgment has been in effect for two years. See § 30-2-2, Ala.Code 1975. Section 30-2-40(c), Ala.Code 1975, specifically provides that “[a] proceeding or judgment of legal separation shall not bar either party from later instituting an action for dissolution of the marriage.” In any later divorce action,
“[t]he court shall order that the terms of the legal separation relating to alimony or a property settlement be incorporated into a final divorce decree only if agreed to by the parties. ■ Otherwise, the court may consider, but is not bound by, the provisions of the legal separation relating to alimony or a property settlement upon a final dissolution of the marriage.”
§ 30-2-40(d), Ala.Code 1975. Under the present statutory scheme, the law as decided in Parsons remains intact today— absent an express agreement of the parties to the contrary, maintenance provisions contained in a legal-separation judgment are not binding on the circuit court in a subsequent divorce action, so no proof of a material change of circumstances is required in order to deviate from those provisions.
Parsons did not directly deal with child support; however, like alimony, child support is a form of maintenance. See generally Culwell v. Culwell, 615 So.2d 631, 633-34 (Ala.Civ.App.1992). It follows that, under Parsons, a child-support provision in a legal-separation judgment is not res judi-cata in a subsequent divorce action such that a different child-support provision can be made only based on a material change of circumstances. Rather, under Parsons, a circuit court would be free to determine child support based on generally applicable criteria and its judgment thus obtained would abate any inconsistent child-support provision in a prior legal-separation judgment and moot any child-support-modification petition. The question to be resolved, therefore, is whether the reasoning in Parsons still applies in the context of child support under the present statutory scheme.
Section 30-2-40(a)(3), Ala.Code 1975, requires every legal-separation judgment to provide for an award of child support in compliance with Rule 32, Ala. R. Jud. Admin., to the extent that the court has jurisdiction to do so. Section 30-2^10 does not further expressly state the effect a child-support award in a legal-separation judgment has in a subsequent action for an absolute divorce. Nothing in the statutory scheme declares that child-support provisions in a legal-separation judgment are binding in a subsequent divorce action absent a material change of circumstances. Rule 32(A), Ala. R. Jud. Admin., generally provides that the child-support guidelines apply in every action “to establish or modify child support,” but Rule 32 does not explicitly classify a divorce action following the entry of a legal-separation judgment as either an action “to establish” or an action “to modify” child support. Given the absence of specific legislation on point, it follows that the analysis employed in Parsons governs the decision.
As Julia Faellaci (“the mother”) points out in her application for a rehearing, Jared Faellaci (“the father”) denominated his petition as one to “modify” the child-support provisions of the parties legal-separation judgment. The mother and the trial court also treated the father’s petition as a child-support-modification petition. However, the nomenclature used by a party does not prevail over the substance of a pleading. Century 21 Paramount Real Estate, Inc. v. Hometown Realty, LLC, 34 So.3d 658, 662 (Ala.2009). In substance, in *541 the divorce action, the father petitioned the Houston Circuit Court (“the trial court”) to establish a fair and reasonable child-support award in light of his current income. Moreover, “[t]he appellate courts will sustain the decision of the trial court if it is right for any reason, even one not presented by a party or considered or cited by the trial judge.” Ex parte Wiginton, 743 So.2d 1071, 1072-73 (Ala.1999). In her initial brief to this court, the mother argued that the child-support award could not be sustained absent evidence of a material change of circumstances. This court correctly held that, in an action for a divorce, the trial court did not have to receive evidence of a material change of circumstances in order to establish an award of child support different than that to which the parties had originally agreed and which the trial court had incorporated into its legal-separation judgment.
The mother also argues in her application for a rehearing that the father did not contest her evidence indicating that the children needed $5,165 per month in order to meet their needs. See Dyas v. Dyas, 683 So.2d 971, 973 (Ala.Civ.App.1995) (stating that when the parties’ combined adjusted gross income exceeds the uppermost limit of the child-support schedule established in Rule 32, Ala. R. Jud. Admin., “the amount of child support awarded must relate to the reasonable and necessary needs of the children as well as to the ability of the obligor to pay for those needs”). The mother presented evidence indicating that she needed $5,165 in order to meet her “monthly living expenses,” which included a variety of items that either facially would not qualify as child support, such as tithes, charitable donations, and lawn care, or included costs that also supported the mother’s position. The trial court obviously was not required to accept each and every expense advocated by the mother when determining the reasonable amount of child support to be awarded.
The mother complains that the record does not contain evidence indicating how the trial court determined the $4,000-per-month child-support award, other than the trial court’s alleged reference to the excluded mediation agreement, which this court has determined was harmless error. 98 So.3d at 530-31. However, even in her application for a rehearing, the mother does not seriously contend that the material needs of the children cannot be met based on the child-support award of $4,000 per month. I find no basis to reverse a child-support judgment that does not prejudice the rights of the children at issue. For the foregoing reasons, I concur in the result.