Rel: April 24, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2026-0223

_____

### Ex parte P.R.P.

### PETITION FOR WRIT OF MANDAMUS

### (In re: Matter of J.A.J.R.)

### (Marshall Juvenile Court: JU-19-739.03)

MOORE, Presiding Judge.

P.R.P. ("the mother") petitions this court to issue a writ of mandamus directing the Marshall Juvenile Court ("the juvenile court") to allow her to appear and testify remotely through audiovisual technology at an upcoming dispositional hearing in a dependency

proceeding involving J.A.J.R. ("the child").[1] We grant the petition in part and deny the petition in part.

Facts and Procedural History

The mother is a resident of Aldea Tzujan, a rural area of Guatemala. She gave birth to the child in 2014. In early 2019, the mother consented to the child's father, F.M. ("the father"), illegally immigrating to the United States with the child. The father and the child eventually settled in Marshall County. On July 18, 2019, the Marshall County Department of Human Resources ("DHR") assumed custody of the child based on allegations that the father had sexually abused the child. Without contacting the mother, DHR filed a dependency petition.

---

[1]In her mandamus petition, the mother refers to the ongoing proceedings in the juvenile court as dependency proceedings and characterizes a hearing scheduled to take place on April 29, 2026, as a dispositional hearing. See Ala. Code 1975, § 12-15-311. Although the Marshall County Department of Human Resources has filed a motion in the juvenile court contesting the nature of the underlying proceedings, in its answer to the mandamus petition it does not dispute the mother's characterization of the proceedings and the upcoming hearing, so we accept the mother's characterization as true. See Ex parte Guaranty Pest Control, Inc., 21 So. 3d 1222, 1227 (Ala. 2009) (quoting King v. Smith, 288 Ala. 215, 219, 259 So. 2d 244, 248 (1972), quoting in turn Ex parte Adams, 216 Ala. 353, 355, 113 So. 513, 515 (1927)) ("'"In passing upon the petition for mandamus, the return or answer of respondent, unless controverted, is to be taken as true."'").

In a dependency proceeding in which the mother was not served, the juvenile court adjudicated the child to be a dependent child and placed the child into foster care. The child has lived in various foster homes ever since.

On June 22, 2020, DHR, having had no contact with the mother, filed a petition to terminate the mother's parental rights. The juvenile court ordered that the mother be served by publication. After the mother did not appear in the termination proceedings, the juvenile court proceeded to trial and terminated the mother's parental rights in her absence. The mother subsequently appeared and filed a Rule 60(b), Ala. R. Civ. P., motion to vacate the termination judgment. The juvenile court granted the motion, and the case against the mother was rescheduled for trial in 2023. On December 4, 2023, the juvenile court entered a judgment, again terminating the mother's parental rights based on its determination that the mother had abandoned the child and that DHR's reasonable efforts to reunite the child with the mother had failed.

On appeal, this court reversed the judgment and remanded the case for further proceedings. See P.R.P. v. Marshall Cnty. Dep't of Hum. Res., 419 So. 3d 1018 (Ala. Civ. App. 2024). We determined that the evidence

did not support the juvenile court's findings that the mother had abandoned the child and that DHR had used reasonable efforts to reunite the mother with the child. On remand, the mother moved to dismiss the juvenile-court proceedings based on lack of subject-matter jurisdiction. The juvenile court denied the motion, and this court denied the mother 's petition for the writ of mandamus to compel the dismissal of the case. See Ex parte P.R.P. (No. CL-2025-0293, June 6, 2025).

The juvenile court held a series of hearings between 2023 and 2025 at which the mother was allowed, without objection, to attend remotely through Zoom, a videoconferencing application. However, on January 13, 2026, the juvenile court informed the mother's counsel that the mother would have to file a motion to allow her to remotely attend a motion hearing scheduled for the next day. The mother filed the motion, but the juvenile court did not rule on the motion before the hearing. During the hearing, DHR agreed that the mother could attend the hearing through Zoom, if it was permissible, but the juvenile court stated that it needed clarification on whether that procedure was allowed. On January 15, 2026, the juvenile court entered an order retroactively denying the mother's motion to attend the hearing, citing Rule 33(B), Ala. R. Juv. P.,

4

and this court's opinion in <u>T.S. v. Cullman County Department of Human Resources</u>, 406 So. 3d 103 (Ala. Civ. App. 2024).

Also on January 15, 2026, the juvenile court scheduled the final dispositional hearing for March 11, 2026. Through her counsel, the mother investigated whether she could travel to Marshall County to personally attend the dispositional hearing through a visitor visa or through humanitarian parole, <u>see</u> 8 U.S.C. § 1182(d)(5)(A).[2] On March 6, 2026, the mother's attorney secured an affidavit from Robyn Barnard, a New York immigration attorney, who attested that,

> "[i]n the specific context of Guatemalan nationals seeking reunification with children in state court custody, there is

---

[2]Section 1182(d)(5)(A) provides:

"The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."

currently no functional pathway for processing into the United States via this immigration pathway.

"... As of March 2026, standard processing times for non-programmatic parole are generally exceeding 36 months, and with a denial rate exceeding 90%.

"... Based on my professional review of the current backlogs and U.S. Citizenship and Immigration Service Field Manuals, there is no reasonable expectation that Guatemalan nationals can obtain Humanitarian Parole to enter the United States for the purpose of a ... trial within the timeline required by the Alabama Juvenile Justice Act."

On March 7, 2026, the mother filed a motion based on Rule 43(a), Ala. R. Civ. P., to allow her to attend the dispositional hearing remotely through Zoom. Rule 43(a) provides, in pertinent part: "In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided in these rules. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." In support of her motion, the mother filed Barnard's affidavit and cited statements of federal authorities showing that it was unlikely that the mother could promptly obtain permission to travel to the United States through the humanitarian-parole process or through a visitor visa. The mother argued that it was physically and legally

impossible for her to attend the dispositional hearing in person and that, based on the successful history of using Zoom to allow the mother to appear remotely in other juvenile hearings, appropriate safeguards were in place to permit her to appear and testify at the dispositional hearing.

On March 9, 2026, the juvenile court entered an order denying the motion. In that order, the juvenile court determined that T.S., supra, appeared to be dispositive of the motion and that it did not want to risk reversible error by allowing the mother to attend the dispositional hearing and testify remotely. However, the juvenile court continued the dispositional hearing and encouraged the parties to seek further guidance through appellate review. Alternatively, the juvenile court invited the parties to depose the mother and to submit her video deposition at the dispositional hearing. The juvenile court subsequently rescheduled the dispositional hearing to April 29, 2026.

On March 23, 2026, DHR informed the mother's counsel that it objected to the mother's attending the dispositional hearing remotely. Thereafter, the mother filed a petition for the writ of mandamus with this

court. In her petition, the mother primarily argues that the juvenile court erred in relying on <u>T.S.</u> to deny her Rule 43(a) motion.[3]

Analysis

In <u>T.S.</u>, D.W., the maternal grandmother of two dependent children, filed a petition in the Cullman Juvenile Court to obtain the children's custody. On the day of the dispositional hearing, the Cullman Juvenile Court allowed the maternal grandmother to testify over FaceTime, a videoconferencing application, over the objection of T.S., the mother of the children. On appeal, T.S. argued that the judgment awarding the maternal grandmother custody of the children should be reversed based on the Cullman Juvenile Court's error in allowing the maternal grandmother to testify remotely. The maternal grandmother and the Cullman County Department of Human Resources argued that the Cullman Juvenile Court had discretion to permit the maternal grandmother to appear and testify using FaceTime.

In deciding the issue, this court first examined Rule 33(B), Ala. R. Juv. P., which provides, in pertinent part:

---

[3]The mother also argues that the March 9 order violates her right to due process, but, based on our disposition, we do not consider that argument.

"A juvenile court may direct the parties in a juvenile-delinquency, child-in-need-of-supervision, or dependency case to appear in a detention or shelter-care hearing pursuant to § 12-15-207, Ala. Code 1975, or a shelter-care hearing pursuant to § 12-15-308, Ala. Code 1975, by using audiovisual technology without obtaining the written consent of the parties and attorneys, including the consent of the child and the child's attorney or guardian ad litem. Upon the written consent of the child and the child's attorney in a juvenile-delinquency or child-in-need-of-supervision case, a plea and disposition also may be entered by using audiovisual technology."

This court held that, although Rule 33(B) allows a party to attend a shelter-care hearing by using audiovisual technology, "[n]othing in the language of the rule authorizes a juvenile court to use audiovisual technology to take the testimony of a party during an adjudicatory hearing in a ... dependency case or in a dispositional hearing in a dependency case." 406 So.3d at 106.

This court next refused to consider whether the Cullman Juvenile Court properly could have relied on Rule 43(a), Ala. R. Civ. P., to allow the mother to testify remotely. We declined to definitively rule on the applicability of Rule 43(a) because we determined that, "[e]ven if we were to apply Rule 43(a) to the facts of these particular cases, the result would not be different." 406 So. 3d at 107. This court noted that the maternal grandmother had not filed a motion to testify remotely or presented facts

9

establishing a compelling circumstance that would support such a motion. The record indicated that the maternal grandmother simply decided not to travel to Alabama because it was inconvenient and that her counsel elected to call her as a remote witness without first obtaining permission to do so through a properly supported Rule 43(a) motion. This court therefore held that the Cullman Juvenile Court had erred in allowing the remote testimony, which was inadmissible, and we reversed the judgment and remanded the case for a new trial.

In T.S., this court indicated that Rule 33 specifically regulated the use of audiovisual technology in certain specified juvenile proceedings, 406 So. 3d at 107, but we expressly declined to make any definitive decision as to whether Rule 43(a) could also be applied in unspecified juvenile proceedings, including dispositional hearings. We now decide that issue in this case.

Rule 1(A), Ala. R. Juv. P., provides that, "[i]f no procedure is specifically provided in these Rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature [such as dependency proceedings] ...." As we recognized in T.S., Rule 33(B) governs the use of audiovisual technology in shelter-

care hearings in dependency proceedings. However, Rule 33(B) does not address the use of audiovisual technology in other types of hearings in dependency proceedings, as to which the rule is silent. Rule 33(B) does not expressly provide that audiovisual technology cannot be used in dispositional hearings, and the rule also does not contain any exclusionary language implying that it was intended to govern the use of audiovisual technology in dispositional hearings. Accordingly, we do not read Rule 33(B) as foreclosing the use of audiovisual technology in a dispositional hearing in a juvenile proceeding. See 3 Sutherland Statutory Construction § 57:8 (8th ed. 2008) (discussing the use of exclusive language as indicia that a rule is intended to apply comprehensively). Because Rule 33(B) does not govern this situation, and because no other rule of juvenile procedure applies, under Rule 1(A), Rule 43(a) would apply.

Rule 43(a) broadly requires that oral testimony be presented in open court, but the rule authorizes a juvenile court to deviate from that procedure and to allow a party or witness to testify "in open court by contemporaneous transmission from a different location" given "good cause in compelling circumstances and ... appropriate safeguards." From

11

our review of the materials before this court, it is evident that the juvenile court did not consider granting the Rule 43(a) motion because it believed that this court had determined in T.S. that Rule 43(a) does not apply in juvenile proceedings. The juvenile court requested clarification and guidance from this court as to whether its understanding was correct. We now clearly hold that Rule 43(a) does apply when a party requests to testify contemporaneously from another location in a dispositional hearing before a juvenile court. The mother properly filed a Rule 43(a) motion, and the juvenile court erred in denying that motion on the ground that Rule 43(a) does not apply.

Based on that error, this court grants the petition for the writ of mandamus. To obtain mandamus relief, the mother has the burden of showing that she had a clear legal right to the order sought, that the juvenile court had an imperative duty to perform, accompanied by a refusal to do so, the lack of another adequate remedy, and the properly invoked jurisdiction of this court. See Ex parte Hodge, 153 So. 3d 734, 738 (Ala. 2014). The mother has shown that she had a clear legal right to move the juvenile court for relief under Rule 43(a) and that the juvenile court denied that motion based on the misunderstanding that Rule 43(a)

did not apply. We believe that an appeal would not be an adequate remedy in this case because it would unduly delay the final disposition of the child. See Ex parte T.J., 289 So. 3d 1255, 1258 n.5 (Ala. Civ. App. 2019) (noting that the urgent nature of dependency cases requires immediate mandamus review of interlocutory orders in some circumstances). This court has jurisdiction over the mother's mandamus petition. See Ala. Code 1975, § 12-3-10 and -11. Therefore, we order the juvenile court to reconsider the Rule 43(a) motion.

However, we do not issue an order compelling the juvenile court to grant the motion. Unlike in T.S., in the underlying case, the mother properly filed a Rule 43(a) motion presenting a prima facie case showing compelling circumstances warranting Rule 43(a) relief. See, e.g., United States v. Approximately $299,873.70 Seized From a Bank of Am. Acct., 15 F.4th 1332, 1339 (11th Cir. 2021)[4] (noting that courts have uniformly found that an inability to attend trial in person due to immigration status

---

[4]The supreme court amended Rule 43(a), Ala. R. Civ. P., effective November 23, 2020, to copy Rule 43(a), Fed. R. Civ. P., insofar as it allows remote testimony by audiovisual technology. The appellate courts of this state have released little relevant caselaw relating to this amendment. Federal cases may be relied upon as persuasive authority as to how this amendment may be construed and implemented. See Ex parte Novus Utils., Inc., 85 So. 3d 988, 996 (Ala. 2011).

presents good cause for allowing a party to testify remotely). The mother also presented a prima facie case that "appropriate safeguards" have been identified and implemented that would allow her to securely appear and testify in the dispositional hearing through Zoom. However, the decision as to whether to grant the Rule 43(a) motion lies within the discretion of the juvenile court, see Air Turbine Tech., Inc. v. Atlas Copco AB, 410 F.3d 701, 714 (Fed. Cir. 2005), which it has thus far not exercised due to its mistaken belief that it had no authority to consider the motion. "In cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse." Ex parte Ben-Acadia, Ltd., 566 So. 2d 486, 488 (Ala. 1990). We cannot say that the juvenile court will necessarily act outside of its discretion in ruling on the motion. Thus, we deny the petition insofar as it requests that we direct the juvenile court as to how it should rule on the Rule 43(a) motion.

## Conclusion

Based on the foregoing, we grant the petition in part and deny the petition in part.

14

PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.