BRADLEY, Judge.
The appeal is from a default judgment, orders denying the request to set aside the default judgment and an order denying permission to appeal in forma pauperis rendered by the Circuit Court of Mobile County*
The proceeding commenced in the Intermediate Civil Court of Mobile County when Hauser Realty Company filed an unlawful detainer action against defendant, W. Woods, appellant here. Defendant admitted the claim of plaintiff in the Intermediate Civil Court, failed to pay the back rent as agreed, and was ousted from the premises.
Defendant then filed a petition for writ of certiorari and bond for costs in the circuit court. On October 31, 1977 the circuit court entered a default judgment against defendant for failure to appear and defend the action on the day set after notice. On the same day defendant orally moved the court to set aside the default. After a hearing the trial court denied the motion. Thereupon, defendant, on November 29, 1977 in a written motion asked for a rehearing of the circuit court’s order refusing to set aside the default judgment. After another hearing the circuit court, on December 9, 1977, denied the rehearing request.
On December 20, 1977 defendant again filed a motion asking the circuit court to set aside the default judgment and recuse himself from presiding in the case. This motion was heard by the court on January 27, 1978 and was on that date denied.
A motion to proceed in forma pauperis was filed on February 16, 1978. The motion was denied by the circuit court on March 3, 1978.
Notice of appeal to this court was filed by defendant on March 29, 1978 but bond for costs was not posted until April 12, 1978.
Plaintiff-appellee has filed in this court a motion to dismiss the appeal on the ground that the notice of appeal was filed more than forty-two days after the last order denying defendant’s request to set aside the default judgment; hence the appeal comes too late and this court is without jurisdiction to hear and decide the matter.
We agree that the appeal must be dismissed.
Rule 4(a) ARAP provides that a notice of appeal must be filed within forty-two days of the date of the judgment or order appealed from. Compliance with this rule is essential in order for this court to obtain jurisdiction of the appeal. Bryan v. Brown, Ala., 339 So.2d 577 (1976), cert. den. 431 U.S. 954, 97 S.Ct. 2675, 53 L.Ed.2d 271 (1977).
This court considers the first motion made on October 31, 1977, to set aside the default judgment entered on the same day, a Rule 55(c) motion under the Alabama Rules of Civil Procedure. Rule 55(c) states: “In its discretion, the court may set aside an entry of default and the court may set aside a judgment by default within 30 days thereafter.” The October 31, 1977 motion was obviously made within the thirty day period provided for under Rule 55(c). It should be noted that ARAP 4(a) provides that motions pursuant to Rules 50, 52 and 59 suspend the running of the time for filing notice of appeal. The full time fixed for filing notice of appeal (forty-two days) is computed from the date of the denial of the motion. Although there is no mention of the effect of a motion filed under Rule 55(c) in ARAP 4(a), we might point out that Rule 55(c) has a thirty day limit like that of *733 Rules 50, 52 and 59. By analogy, this court finds that a motion under Rule 55(c) would likewise have the effect of tolling the time for filing notice of appeal. The 55(c) motion was denied on October 31, 1977, the same day it was made. Because the appeal was not filed until March 29, 1978, the appeal from the October 31, 1977 default judgment and the order denying the motion to set aside the default judgment must be dismissed for failure to comply with ARAP 4.
Appellant-defendant’s motion for rehearing of the circuit court’s order denying the first motion to set aside was filed November 29,1977 and was filed within the thirty day limit of Rule 55(c). The Alabama Rules of Civil Procedure do not mention the effect of a second Rule 55(c) motion. ARAP 4(a) states that a timely post-trial motion under Rules 50, 52 and 59, ARCP suspends the running of the time for filing notice of appeal. Thus, if we again analogize a Rule 55(c) motion with motions under Rules 50, 52 and 59, such motion would toll the time for filing notice of appeal a second time. ARAP 4(a). The forty-two day limit would begin to run anew from December 9,1977, the day the motion for rehearing was denied. The appeal from the denial of the motion for rehearing must be dismissed. More than forty-two days elapsed between the denial of the motion and the filing of appeal on March 29, 1978. In addition, the appeal from the default judgment is dismissed where the filing of notice of appeal is calculated from December 9,1977, the date the motion for rehearing was denied. See ARAP 4(a).
A motion to set aside the default judgment and for the presiding judge to recuse himself was made on December 20, 1977 and subsequently denied on January 27, 1978. This motion may be considered a motion under ARCP 60(b)(6). Rule 60(b)(6) allows relief from a final judgment or order for “any other reason justifying relief from the operation of the judgment.” The motion was filed more than thirty days from the entry of the judgment on October 31, 1977; therefore, it could not be considered a Rule 55(c) motion. Skillman v. First State Bank of Altoona, Ala., 341 So.2d 691 (1977). The appellant-defendant, Mr. Woods, asserted the judge was biased for the plaintiff when he dismissed the case because he was previously in a partnership with the plaintiff’s lawyer. The order refusing relief under Rule 60(b)(6) is a final, appealable order. Welch v. G.F.C. Credit Corp., Ala.Civ.App., 336 So.2d 1346 (1976). However, more than forty-two days elapsed between the denial of the motion on January 27, 1978 and notice of appeal filed on March 29, 1978; therefore, the appeal from the order denying the Rule 60(b)(6) motion comes too late.
Finally, there is an appeal from the denial of appellant-defendant’s motion to proceed in forma pauperis. The motion was made on February 16, 1978 and denied on March 3, 1978. ARAP 24 provides that once a motion to proceed on appeal in forma pauperis is denied by the trial court the party may file a motion to so proceed in the appellate court within twenty-eight days after service of notice of the action in the trial court. 9 Moore’s Federal Practice § 224.02 at 3556 n. 13 (2d ed. 1975) provides:
Prior to the promulgation of the Appellate Rules, it was held that a denial of permission to appeal in forma pauperis was appealable as an interlocutory order. Rule 24 substitutes a motion procedure for an appeal.
In the case at bar appellant did not file his motion to appeal in forma pau-peris in the Court of Civil Appeals as is provided by Rule 24, ARAP, but rather attempted to appeal the trial court’s denial of his motion. As suggested above, the present procedure in the federal courts to review the denial of a request to appeal in forma pauperis is not by appeal, but by motion in the appropriate appellate court. Rule 24, FRAP. Our appellate Rule 24 sets out an almost identical procedure. Thus, we conclude that the appellant failed to comply with Rule 24, ARAP by not filing a motion to proceed in forma pauperis in this court; consequently, the trial court’s order denying the request to proceed in forma *734 pauperis cannot be considered on this appeal. See Walker v. Mathews, 546 F.2d 814 (9th Cir. 1976).
APPEAL DISMISSED.
WRIGHT, P. J., and HOLMES, J., concur.