Defendants, the City of Talladega and the Talladega Water and Sewer Board, appeal from jury verdicts awarding plaintiffs damages for injuries done to plaintiffs' real and personal property when raw sewage overflowed from a sewer line maintained by defendants. We have concluded that this appeal must be dismissed for lack of jurisdiction because it was not timely perfected.
The record reveals that final judgment for plaintiffs was entered in the Talladega County Circuit Court on March 29, 1978. Defendants' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, was certified as having been served by mail on April 28, 1978; however, the envelope containing the motion was postmarked "April 29, P.M., 1978," and the motion was neither filed with the circuit clerk nor received by plaintiffs' attorney until May 1, 1978. The trial court never ruled on defendants' post-trial motion. Notice of appeal was filed September 1, 1978.
Defendants contend that service of their motion for judgment N.O.V. or for a new trial was complete upon its mailing on April 28, 1978 (the thirtieth day after entry of judgment); that such service was sufficient to toll the running of the 42-day period (during which one is allowed to file a notice of appeal) until such a time as the trial court disposed of the motion; that because no order denying or granting the motion was ever entered in the civil docket of the *Page 430 
trial court, the motion was denied by operation of law on the ninetieth day of its pendency in the trial court, see ARCP 59.1; and that this appeal was thus timely perfected because notice of appeal was filed within 42 days of the denial of the motion by operation of law. We disagree.
ARAP 4 (a)(1) mandates that a party file a notice of appeal with the trial court clerk "within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from." ARAP 4 (a)(3) specifically provides that the 42-day period is suspended by the filing of a post-trial motion pursuant to Rules 50 and 59, ARCP; it is clear that untimely filing of such a motion does not suspend the running of the time allowed for filing notice of appeal. Seale v. Seale, Ala.Civ.App.,339 So.2d 1028, cert. den. 339 So.2d 1029 (1976). The question to be decided, therefore, is whether or not defendants' motion for judgment N.O.V. or for a new trial was timely filed. We hold that it was not.
ARCP 5 (d) provides that, after the complaint, court papers that are "required to be served upon a party shall be filed
with the court either before service or within a reasonable time thereafter." [Emphasis added.] Under ARCP 59 (b), a motion for a new trial must be "served not later than 30 days after the entry of the judgment." [Emphasis added.] Although the two rules, when read in conjunction, could be interpreted to mean that a motion for new trial could be validly perfected by (1)service on the thirtieth day after entry of judgment and (2) filing within a few days thereafter, such a construction does not comport with the overall scheme of our rules of procedure. The Committee Comment to Rule 59, ARCP provides in pertinent part that "The time for moving, for a new trial . . . is here made 30 days, as has been customary in Alabama. . . ." [Emphasis added.] One can only "move" for a new trial by filinga motion with the trial court, for like any other motion, a post-trial motion becomes pending only upon its filing, Statev. Wall, Ala., 348 So.2d 482 (1977); it remains pending until it is acted upon by the court or until it is deemed denied by operation of law on the ninetieth day of its pendency in the trial court, see ARCP 59.1. Filing of the new trial motion is the event that suspends the running of the 42-day period for filing a notice of appeal, not service of the motion. Both
filing and service of the motion within the 30-day time limit specified in Rule 59 (b) must be accomplished in order to suspend the time one is allowed to perfect an appeal. Here, since the motion for new trial was not timely filed, the time for filing a notice of appeal expired on May 10, 1978, 42 days after judgment was entered. Because defendants did not file their notice of appeal until September 1, 1978, we are without jurisdiction and this appeal must be dismissed under ARAP 2 (a)(1).
Our reasoning is buttressed by that of the Court of Civil Appeals in Seale v. Seale, supra. In that case, a motion for a new trial and a motion to alter and amend the trial court's judgment were filed more than thirty days after a divorce decree was rendered. That court did not give the time when the motions were served; nevertheless the court held that the motions were untimely.
The result must be the same in this case. Accordingly, we have no alternative but to dismiss this appeal on the ground that it was not timely filed. It is so ordered.
APPEAL DISMISSED.
BLOODWORTH, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur specially.