The trial court divorced the parties and the wife filed a motion for new trial. In response to this motion, the trial court amended a property settlement which was incorporated into the decree of divorce. *Page 642 
The husband appeals contending the trial court had no authority to amend the judgment. We agree and reverse and remand.
The record reveals the following: The trial court entered a final decree of divorce on December 20, 1978. The wife's motion, designated as a motion for new trial, was certified as having been served on January 19, 1979, the 19th being the thirtieth day after the divorce decree was entered. The motion was filed with the court on January 25, 1979, thirty-six days after entry of the decree.
We note that the wife's motion was clearly filed pursuant to Rule 59, ARCP. Specifically, the relief sought by the wife was an amendment to the previously entered decree. The relief granted was such an amendment. Rule 59, ARCP, clearly applies in such a case as it alone grants the trial court authority to make such amendments upon proper motion.
In any event, it is apparent to this court that the parties and the trial court treated the wife's motion as coming under Rule 59. The motion was neither filed nor treated as coming under any other provision of our rules of civil procedure. Put another way, the motion was not filed pursuant to Rule 60, ARCP. In view of the above, we follow the rules applicable to Rule 59 motions. Erwin v. Shiloh Homes, Ala.Civ.App.,360 So.2d 1003 (1978).
In the recent case of City of Talladega v. McRae, Ala.,375 So.2d 429 (1979), our supreme court construed Rule 59 (b), which requires that "a motion for a new trial shall be served not later than 30 days after the entry of the judgment." The court concluded that one can "move" for a new trial only by filing a motion with the court, and read Rule 59 (b) as requiring both filing and service of the motion within thirty days of the entry of judgment.
Under the reasoning of McRae, supra, the same conclusion must be reached even if the motion is said to be a Rule 59 (e) motion, i.e., a motion to amend the judgment. This is so because Rule 59 (e) contains language identical to Rule 59 (b), mandating that a motion to amend "shall be served not later than 30 days after entry of the judgment."
As we are bound by the decisions of the supreme court, §12-3-16, Code of Ala. 1975, we must conclude that the motion was not filed in a timely manner. The thirty day time period allowed by Rule 59 having expired, the trial court had no authority to correct or amend its judgment except for clerical errors. Continental Casualty Co. v. Barlar, 55 Ala. App. 441,316 So.2d 690 (1975). This case is due to be reversed and remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.