This is an appeal from a default judgment entered by the Circuit Court of Jefferson County pursuant to Rule 55 (b)(2) of the Alabama Rules of Civil Procedure on behalf of plaintiff Sulena Martin against defendant Larry Brown. We dismiss this appeal for lack of jurisdiction.
Plaintiff's complaint alleged that defendant was in default on a promissory note executed by defendant in favor of plaintiff and claimed damages, interest and attorney's fees. Defendant answered by asserting several grounds of defense. Defendant also moved to dismiss the complaint. Plaintiff amended her complaint by adding several counts and asking for punitive damages. Defendant answered by denying the allegations of the amended complaint.
On January 14, 1980 this case was called on the trial docket of the Circuit Court of Jefferson County by the presiding judge for that circuit. Although plaintiff appeared by counsel, defendant did not. Plaintiff moved the court to enter a default judgment against defendant. The court granted the motion and entered a default judgment against defendant for $7,751.00. On February 13, 1980 defendant filed a written motion with the court requesting that it set aside the default judgment and reinstate the case on its trial docket. The court overruled this motion on March 4, 1980. On April 1, 1980 defendant filed a motion asking the court to reconsider its order of March 4, 1980 overruling defendant's February 13, 1980 motion. The court overruled this motion on April 24, 1980. No oral testimony, affidavits, interrogatories, or depositions were offered into evidence by defendant in support of his motions of February 13 and April 1 to substantiate his contention that the default judgment of January 14 should be set aside and this cause restored to the circuit court's trial docket. Defendant filed a notice of appeal to this court on May 19, 1980.
Plaintiff contends that this court is without jurisdiction to review the validity of the trial court's entry of a default judgment in this case and denial of defendant's motion of February 13, 1980 to set aside this judgment. We agree.
The jurisdiction of this court is invoked by the filing of notice of appeal from the judgment of the trial court within forty-two days of said judgment. Rules 3 (a)(1) and 4 (a)(1), ARAP. If such notice is not filed within this time period, the appellant's appeal must be dismissed by this court. ARAP 2 (a)(1). Nevertheless, ARAP 4 (a)(3) provides that, under certain circumstances, this time period may be extended:
 The filing of a post-trial motion pursuant to Rules 50, 52 and 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing *Page 377 
a notice of appeal. In cases where post-trial motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion.
It is readily apparent that this rule does not, by its terms, apply to post-trial motions made pursuant to Rules 55 (c) or 60 (b), ARCP. But in Woods v. Hauser Realty Co., Ala.Civ.App.,366 So.2d 731 (1979), we held that an ARCP 55 (c) motion also tolls the running of the time period within which a notice of appeal must be filed pursuant to Rules 3 and 4 of the ARAP. The time for filing begins to run again only when the trial court enters an order granting or denying the motion. Woods v. Hauser RealtyCo., supra.
Returning to the facts of the case before us, we find that defendant's motion of February 13, 1980 was a motion properly made pursuant to ARCP 55 (c). That rule provides as follows: "In its discretion, the court may set aside . . . a judgment by default within 30 days thereafter."
Upon denial of this motion by the trial court on March 4, 1980, defendant had until April 15, 1980 to file a notice of appeal to this court from this order. Defendant clearly failed to do this but now contends that the running of the time for filing his appeal from the order was tolled yet again when he filed another motion on April 1, 1980 asking for a reconsideration of the March 4, 1980 order and that the time within which to appeal from the denial of this motion did not begin to run again until it was overruled on April 24, 1980. It follows, a fortiori, that this court has jurisdiction to consider the validity of all orders and judgments entered by the trial court in this case.
To begin we would note that a motion to reconsider an order made by the trial court disposing of a motion of a type set out in Rule 4 (a), ARAP, does not again terminate the running of the time for taking an appeal. Wilger v. Department of Pensions Security, Ala.Civ.App., 343 So.2d 529 (1977). Since the tolling provisions of ARAP 4 (a)(3) apply to an ARCP 55 (c) motion, a motion to reconsider an order denying an ARCP 55 (c) motion does not again toll the running of the period within which a notice of appeal to this court must be filed. Consequently, we are without jurisdiction to decide whether the trial court erred in rendering a default judgment against defendant and abused its discretion in overruling defendant's ARCP 55 (c) motion; accordingly, we dismiss appellant's appeal for want of jurisdiction.
Defendant has suggested in brief that we treat his motion to reconsider the March 4, 1980 order as a motion for relief under ARCP 60 (b)(1) or 60 (b)(6). We decline to do so for the reason primarily that this motion was nothing more than a motion for the trial court to reconsider its previous order. Practically nothing different was presented by the motion to reconsider than was presented by the motion to set aside the default judgment. Furthermore, there was no evidence such as affidavits, testimony, etc., offered in support of the motion to reconsider. Under these circumstances we perceive no compelling reason to treat the motion to reconsider the motion to set aside the default judgment as either a Rule 60 (b)(1) or 60 (b)(6) motion.
APPEAL DISMISSED.
WRIGHT, P.J., and HOLMES, J., concur.