This is an appeal by claimant, Ashley M. Gamble, from a summary judgment entered in favor of plaintiff, First Alabama Bank, (First Alabama) by the Circuit Court of Jefferson County We dismiss this appeal ex mero motu for want of jurisdiction
First Alabama sued Elbert Gamble for $2,617 allegedly owed on a contract. Default judgment was entered in favor of plaintiff A 1974 Dodge Dart automobile registered to Elbert Gamble was seized and scheduled for sale at public auction to satisfy the judgment. Defendant's son, Ashley Gamble, posted the required bond and obtained possession of the vehicle on the ground that he had a superior lien to that held by First Alabama Ultimately the circuit court entered a summary judgment holding that First Alabama's lien was superior to the one held by Ashley Gamble and authorized First Alabama to take possession of the vehicle or to proceed against Ashley Gamble on his bond Gamble appealed
Although plaintiff did not raise the issue of lack of jurisdiction in this court to consider the appeal, the question was posed to both counsel at oral argument and an opportunity was given to counsel to brief the question, and they have done so
This court can obtain jurisdiction over an appeal only after a timely notice of appeal from a final judgment has been filed with the clerk of the trial court. Brown v. Martin,394 So.2d 375 (Ala.Civ.App. 1980), cert. denied, 394 So.2d 377 (Ala 1981); A.R.A.P. 4 (a). A summary judgment rendered upon all the issues presented or for all the relief requested by the moving party is a final judgment. See generally Watts Construction Cov. Cullman County, 382 So.2d 520 (Ala. 1980); A.R.C.P. 56 (d) The forty-two day period for filing a notice of appeal to this court with the circuit court begins to run from the date on which the circuit court's final judgment is entered. See Holmesv. Powell, 363 So.2d 760 (Ala. 1978). This time period may be suspended, however, by the filing of an A.R.C.P. 59 (e) motion to alter, amend or vacate the judgment. Brown v. Martin, supra.
But, no such suspension occurs if the motion is not both served
and filed within thirty days of the circuit court's entry of the final judgment appealed from. City of Talladega v. *Page 690 McRae, 375 So.2d 429 (Ala. 1979); Hallmark v. Hallmark,381 So.2d 641 (Ala.Civ.App.), cert. denied, 381 So.2d 642 (Ala 1980)
In the case at bar the circuit court entered an order granting plaintiff's motion for summary judgment on September 25, 1980 when the order was filed with the clerk of the court and noted on the court's civil docket. Claimant had forty-two days from the date of entry of this order, i.e. until November 6, 1980, within which to perfect a timely appeal, unless the forty-two day period was tolled by the timely filing of the 59 (e) motion. Brown v. Brown, 374 So.2d 332 (Ala.Civ.App.), certdenied 374 So.2d 334 (Ala. 1979); A.R.C.P. 5 (b)
The thirty day period for filing the 59 (e) motion expired on October 25, 1980, which was a Saturday; therefore claimant would have had until the following Monday, October 27, 1980, to file his motion. Service was perfected on First Alabama when claimant mailed a copy of the motion on October 27, 1980, but the motion was not filed with the clerk of the circuit court until October 28, 1980. Not having filed the motion within the thirty day period, i.e. by October 27, 1980, the motion was untimely and thus did not toll the time within which to appeal The time for appeal expired on November 6, 1980. The appeal was not perfected until February 17, 1981; therefore the appeal was not timely perfected and this court is without jurisdiction to entertain it. The appeal must be dismissed
APPEAL DISMISSED
WRIGHT, P.J., and HOLMES, J., concur