INGRAM, Presiding Judge.
Isaiah Ezell (father) was found by a jury to be the father of the child of Barbara Ruth Childs on January 29, 1985, and the trial court ordered the father to contribute toward the support of the child. On May 12, 1988, the father filed a motion entitled “Motion for Judgment Notwithstanding Verdict, and/or in the Alternative Motion for a New Trial and/or in the Alternative, Motion to Alter, Amend or Vacate Jury Verdict and Judgment and/or in the Alternative Motion for Relief From Judgment,” which was denied by the trial court following an ore tenus proceeding. On December 19, 1989, the father filed a motion that was identical to the one of May 12, 1988, with the exception that two additional affidavits were included. Another ore tenus proceeding was held, and the trial court again denied the father’s motion. The father brings this appeal.
The father contends on appeal that the trial court abused its discretion in refusing to set aside the 1985 adjudication of paternity. He alleges that evidence which was not available at the time of the trial has been recently discovered.
At the outset, we note that Rule 50(b) of the Alabama Rules of Civil Procedure requires that a motion for judgment notwithstanding the verdict be filed not later than 30 days after entry of the judgment, and this time period cannot be extended. Great Atl. & Pac. Tea Co. v. Sealy, 374 So.2d 877 (Ala.1979). We further note that Rule 59(b) requires that a motion for a new trial be filed not later than 30 days after the entry of judgment, while Rule 59(e) states that a motion to alter, amend, or vacate the judgment is also to be filed not later than 30 days after entry of the judgment. City of Talladega *1145 v. McRae, 375 So.2d 429 (Ala.1979); Hallmark v. Hallmark, 381 So.2d 641 (Ala.Civ.App.1980), cert. denied, 381 So.2d 642 (Ala.1980).
The father also sought relief from the judgment under Rule 60(b)(2). The father presented various affidavits which he claimed constituted newly discovered evidence warranting relief from the judgment. We note that this motion is required to be made not more than four months after the judgment was entered. Rothenburg v. Rothenburg, 475 So.2d 577 (Ala.Civ.App.1985).
The record before us indicates that the post-trial motion, which was denied by the trial court, was filed over four years after the entry of the judgment. The time limits stated in the above noted rules preclude the trial court from granting relief from the judgment in this case.
In light of the above, we find that the trial court had no alternative other than to overrule the father’s posttrial motion, since the posttrial motion was not timely filed. Therefore, this case is due to be affirmed.
The state has requested that we enjoin the father from filing any further appeals relating to the issue of paternity and assess monetary damages against the father in the form of attorney fees and double costs. These requests are denied.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.