YATES, Judge.
Daniel Hale sued City of Huntsville police officer Jeff Crane and Tracey Dollar-hide and Greg Coons, on September 16, 1997, alleging various theories of recovery. The claims made the basis of this action arise out of Hale’s arrest at the apartment complex in which he lived.[1] On November 13, 1998, the defendants moved the court to dismiss the action pursuant to Rule 37(b)(2)(C), Ala. R. Civ. P., based on Hale’s repeated failure to comply with court-ordered discovery. On November 20, 1998, the court entered an order dismissing the action for Hale’s repeated failure to comply with the court’s order to produce certain documents.
On December 18, 1998, Hale filed a pro se postjudgment motion entitled “Petition For Oral Hearing On Postjudgment Motion For Reinstatement of Case,” requesting an extension of 30 days to employ new counsel to protest the dismissal of the action.[2] The trial court treated the motion as a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the judgment, and it set the motion for a hearing. Following a hearing, the court, on March 10, 1999, entered an order purporting to deny the motion. Hale filed his notice of appeal on April 15, 1999. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
We must first consider whether this court has jurisdiction to consider this appeal. The defendants, as appellees, argue that Hale’s notice of appeal was not timely filed. They note that the notice of appeal was not filed within 42 days of November 20, 1998 — the date that the court entered its judgment dismissing the action. They point out that the notice of appeal was not filed until April 15, 1999-well after the 42-day period in which to file a notice of appeal would have expired if the 42-day period for appeal is measured from November 20, 1998. The appellees argue that Hale’s postjudgment motion was not a proper Rule 59(e) motion to alter, amend, or vacate the judgment; that the running of the 42-day period, therefore, was not tolled by the filing of the motion; and, thus, that the appeal is untimely.
“This court obtains jurisdiction over an appeal only after a timely notice of appeal has been properly filed with the clerk of the trial court.... The 42-day period for filing an appeal begins to run from the date on which the trial court entered its final order. The time for appeal may be suspended by the filing of a Rule 59(e), Alabama Rules of Civil Procedure, motion. No suspension occurs if the motion is not filed within 30 days of the entry of final judgment. If the motion is timely filed, the time for taking an appeal begins to run from the date of entry of an order granting or denying the motion. If a Rule 59(e) motion is not ruled on within 90 days, it is deemed denied by operation of law on the 90th day and appeal must be taken within the next 42 days.”
Payne v. City of Athens, 607 So.2d 292, 293 (Ala.Civ.App.1992) (citations omitted). The running of the 42-day time period for filing an appeal can be tolled only by the timely filing of a postjudgment motion pursuant to Rule 50, 52, 55, or 59, Ala. R. Civ. P. Schiffman v. City of Irondale, 669 So.2d 136 (Ala.1995). “The substance of a motion and not its style determines what kind of motion it is.” Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997). Further, “jurisdictional matters are of such magnitude that we take notice of them at any time *346 and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
After considering the substance of Hale’s postjudgment motion, as we are required to do, we conclude that the court erred in treating it as a Rule 59(e) motion. The substance of Hale’s motion is a request for a 30-day extension of time so that he could employ counsel in order to protest the dismissal of his action. Rule 59(e) simply does not provide the relief sought by Hale; therefore, it was not a proper Rule 59(e) motion and did not toll the running of the 42-day period in which to file a notice of appeal. Because the notice of appeal was filed after the 42-day period had expired, this court is without jurisdiction to consider this appeal. We have no choice but to dismiss it.
APPEAL DISMISSED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. Dollarhide and Coons were employees of the apartment complex.

. It appears that counsel for Hale had withdrawn from the case because of Hale’s repeated refusal to comply with the discovery orders.