Edna Rae Bice, individually and as executrix of the estate of Mitchell Mink, deceased; and Doris Jean Hitchcock sued several defendants, including SCI Alabama Funeral Home Services d/b/a Elmwood Cemetery Corporation (hereinafter "SCI") and Betty L. Murphy. The parties filed and answered several counterclaims and crossclaims. All parties other than Bice, Hitchcock, SCI, and Murphy were eventually dismissed from the action. *Page 1281 
On March 17, 1999, the trial court entered a summary judgment in favor of SCI and Murphy, the only remaining defendants, on the plaintiff's claims. The March 17, 1999, summary judgment constituted a final adjudication of all of the claims of the various parties to this action. On April 19, 1999, the plaintiffs filed a postjudgment motion asking the trial court to set aside or vacate its March 17, 1999, summary judgment. The trial court did not rule on that motion. On August 18, 1999, the plaintiffs appealed from the summary judgment entered in favor of SCI and Murphy.
We must dismiss this appeal as untimely. A notice of appeal must be filed within 42 days of the entry of the judgment. Rule 4(a)(1), Ala.R.App.P. Thus, the plaintiffs had until April 28, 1999, to appeal from the March 17, 1999, summary judgment.
However, the time for appeal may be extended where a party files a timely postjudgment motion pursuant to Rule 50, 52, 55, or 59, Ala.R.Civ.P. Hale v. Crane, 747 So.2d 344 (Ala.Civ.App. 1999). After considering the substance of the plaintiffs' postjudgment motion, see Hale v. Crane, supra, we conclude that it was a motion made pursuant to Rule 59(e), Ala.R.Civ.P. Such a motion must be filed not later than 30 days after the entry of the judgment. Rule 59(e); Newman v. Newman, [Ms. 2980050, Sept. 3, 1999] ___ So.2d ___ (Ala.Civ.App. 1999). Thus, to toll the running of the time for appeal, the plaintiffs had to file their Rule 59(e) postjudmgent motion by April 16, 1999. The plaintiffs filed their motion on April 19, 1999 — more than 30 days after the March 17, 1999, summary judgment. That motion was untimely and did not extend the time for appeal.
The plaintiffs filed their notice of appeal from the March 17, 1999, summary judgment on August 8, 1999, well beyond the end of the 42 days allowed by Rule 4, Ala.R.App.P. An untimely appeal must be dismissed for want of jurisdiction. Rule 2(a)(1), Ala.R.App.P.
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.