874 So.2d 560 (2003)
D.O.L. and J.L.
v.
J.M.P.H.
2010341.
Court of Civil Appeals of Alabama.
March 28, 2003.
Rehearing Denied September 12, 2003.
Tiffin M. Taylor and Henri B. McDaniel of McDaniel & McDaniel, L.L.C., Huntsville, for appellants.
Oliver Frederick Wood and Jeremy L. Streetman, Hamilton, for appellee.
MURDOCK, Judge.
On September 30, 1994, D.O.L. and J.L. (hereinafter referred to collectively as the "paternal grandparents") and T.A.L. ("the father") filed a petition in the Marion Juvenile Court alleging that J.M.P.H. ("the mother") was not properly caring for C.A.L., the minor child of the father and the mother, and seeking custody of the child. Following ore tenus proceedings, the juvenile court entered a judgment on February 1, 1995, awarding the paternal grandparents custody of the minor child and granting the mother visitation. No appeal was taken from that judgment.
On May 17, 2001, the mother filed a petition seeking to regain custody of the minor child. Following ore tenus proceedings on October 10, 2001, and November 30, 2001, the trial court entered a judgment on December 5, 2001, that, among other things, transferred custody of the *561 minor child to the mother and granted the father visitation rights.
The paternal grandparents served a copy of a motion to alter, amend, or vacate on counsel for the mother on or about December 18, 2001;[1] however, the motion was not filed with the trial court clerk until January 7, 2002. On December 19, 2001, the paternal grandparents filed a motion requesting the trial court to stay the judgment pending appeal. On January 4, 2002, the mother filed a response to the motion to stay and to the motion to alter, amend, or vacate. The paternal grandparents filed a notice of appeal on January 8, 2002.
The mother filed a motion in this court seeking to dismiss the paternal grandparents' appeal. The mother asserted that the paternal grandparents' filing of the motion to stay did not suspend the time for filing a notice of appeal; that the paternal grandparents' motion to alter, amend, or vacate was filed outside the 14-day period allowed by the Alabama Rules of Civil Procedure and therefore had no legal effect; and that the notice of appeal was due to be dismissed as untimely filed.
The paternal grandparents filed a response to the motion to dismiss, asserting, among other things, that the motion to alter, amend, or vacate had been timely served on counsel for the mother on December 18, 2001, although it had not been received and date stamped by the clerk of the trial court until January 7, 2002. The response also presented two "scenarios" to be considered by this court:
"1. If the trial court had fourteen days from the date said court received the motion in question, January 7, 2002, the motion was deemed denied on January 21, 2002. [The paternal grandparents'] last day to file a timely notice of appeal with the Trial Court was February 4, 2002. Therefore, in accordance with Alabama Rules of Appellate Procedure, Rule 4(a)(5), the notice of appeal filed herein would be held in abeyance until all post-judgment motions pursuant to Rule 50, 52, 55, and 59, Alabama Rules of Civil Procedure, are ruled upon, such a notice of appeal shall become effective upon the date of disposition of the last of such motions. [Ala. R.App. P.], Rule 4(a)(5).
"2. However, in the event that the time for ruling on the motion is calculated from the date the motion was served on Appellee, December 18, 2002, the motion was deemed denied on January 1, 2002, requiring notice of appeal to be filed on or before January 15, 2002.
"In any event, a timely notice of appeal was filed on January 7, 2002."
(First emphasis in original; second emphasis added.)
Rule 4(a)(1), Ala. R.App. P., provides for a period of 14 days for the filing of a notice of appeal to this court from a judgment of the juvenile court. This 14-day period begins to run on the day on which the juvenile court's final judgment is entered. See Gamble v. First Alabama Bank, 404 So.2d 688 (Ala.Civ.App.1981). "The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal." Rule 4(a)(3), Ala. R.App. P. See also Gamble, supra; City of Talladega v. McRae, 375 So.2d 429 (Ala.1979). However, Rule 1(B), Ala. R. Juv. P., provides that "[a]ll post-judgment motions ... must be filed within 14-days after entry of judgment" (emphasis added), *562 and the time period for taking an appeal will not be suspended if a postjudgment motion is not timely filed. See Bice v. SCI Alabama Funeral Home Servs., 764 So.2d 1280, 1281 (Ala.Civ.App.2000) ("[T]he time for appeal may be extended where a party files a timely postjudgment motion pursuant to Rule 50, 52, 55, or 59, Ala. R. Civ. P." (Emphasis added.)).
As previously noted, in the present case, the trial court entered its final judgment on December 5, 2001. The paternal grandparents did not file their postjudgment motion to alter, amend, or vacate until January 7, 2002, beyond the 14 days allowed by Rule 1(B). Accordingly, that untimely postjudgment motion did not toll the time for taking an appeal from the December 5, 2001, judgment, see Bice, supra. As a result, the paternal grandparents' notice of appeal filed on January 8, 2002, was filed well beyond the 14-day period following the entry of the juvenile court's final judgment.
Rule 2(a)(1), Ala. R.App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." This court is without jurisdiction; therefore, this appeal is due to be dismissed. Asam v. City of Tuscaloosa, 585 So.2d 60 (Ala.Civ.App.1991).
The appellee's request for the award of an attorney fee on appeal is denied.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
NOTES
[1] The certificate of service for the motion reflects that the motion was mailed to counsel for the mother on December 18, 2001.