THOMAS, Judge.
On August 24, 2007, Randy Harrison Deal filed a complaint for a divorce, seeking to terminate his marriage to Sherry Boykin Deal. Sherry answered and filed a counterclaim alleging assault and battery.[1]
On September 29, 2008,' the trial court entered a final divorce judgment. According to the trial court’s judgment, Randy was awarded the parties’ marital residence. In addition, the trial court severed all issues relating to Sherry’s assault-and-battery claim, granted Randy’s demand for a jury trial on that claim, and ordered that Sherry’s assault-and-battery claim be resolved in the civil division of the Montgomery Circuit Court. Sherry filed a timely postjudgment motion, arguing that the trial court erred in awarding Randy the marital residence. On November 14, 2008, Randy filed a petition for contempt, alleging that Sherry had not complied with the final divorce judgment because, Randy alleged, Sherry had failed to vacate the parties’ marital residence. On December 18, 2008, the trial court denied Sherry’s post-judgment motion. In addition to denying Sherry’s postjudgment motion, the trial court found Sherry in contempt and ordered Sherry to pay Randy’s attorney’s fees.[2]
On December 23, 2008, Randy filed a postjudgment motion, requesting that the trial court modify its contempt order because, Randy alleged, he had incurred additional expenses due to Sherry’s failure to comply with the court order to vacate the parties’ marital residence. The trial court denied Randy’s postjudgment motion on January 30, 2009. Randy filed a second petition for contempt alleging that Sherry *272 continued to occupy the parties’ marital residence and that she had deliberately damaged numerous items and had taken various items in violation of the court’s order. It does not appear that the trial court has ruled on Randy’s second contempt petition. On March 5, 2009, Sherry filed her notice of appeal to this court.
First, we must determine whether this court has subject-matter jurisdiction over Sherry’s appeal.
“Although neither party to this appeal has raised the issue of this court’s appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because ‘ “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ. App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).”
Gullett v. Gullett, 12 So.3d 1211, 1212 (Ala.Civ.App.2008).
In determining whether we have jurisdiction over an appeal, we must examine whether a party has timely filed his or her notice of appeal. Rule 4(a)(1), Ala. R.App. P., provides:
“Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.... ”
See also Bice v. SCI Alabama Funeral Home Servs., 764 So.2d 1280, 1281 (Ala.Civ.App.2000) (“A notice of appeal must be filed within 42 days of the entry of the judgment.”); Gamble v. First Alabama Bank, 404 So.2d 688, 689 (Ala.Civ.App.1981)(“The forty-two day period for filing a notice of appeal to this court with the circuit court begins to run from the date on which the circuit court’s final judgment is entered.”).
“However, the time for appeal may be extended where a party files a timely postjudgment motion pursuant to Rule 50, 52, 55, or 59, Ala. R. Civ. P.” Bice, 764 So.2d at 1281. If a party files a timely postjudgment motion, the party has 42 days from the denial of the postjudgment motion to appeal a final judgment. Keeton v. Keeton, 959 So.2d 114 (Ala.Civ.App.2006).
In the present case, following the entry of the final divorce judgment, Randy filed a petition for contempt against Sherry. Following the denial of Sherry’s post-judgment motion, Randy filed a second petition for contempt. Because Randy’s petitions for contempt were filed after the entry of the trial court’s final divorce judgment, each petition for contempt initiated a separate and independent legal proceeding. “[W]hen a party files a contempt motion alleging a violation of the provision of a previously entered final divorce judgment, that contempt proceeding is separate and independent from the action in which the divorce judgment was entered and does not affect the finality of the divorce judgment.” Decker v. Decker, 984 So.2d 1216, 1220 (Ala.Civ.App.2007). Therefore, neither of Randy’s petitions for contempt affected the finality of the divorce judgment.
On December 18, 2008, the trial court denied Sherry’s postjudgment motion, thus beginning the 42-day period in which she had to appeal the trial court’s final divorce judgment. Sherry had until January 29, 2009, to appeal the final divorce judgment. However, Sherry did not file an appeal of the final divorce judgment until March 5, 2009, outside the 42-day window to appeal the final judgment.
*273 Because Sherry did not file her notice of appeal within the 42-day period after the denial of her postjudgment motion, we lack jurisdiction to review her appeal. Therefore, we dismiss her appeal. See Gunnison-Mack v. Alabama State Pers. Bd., 923 So.2d 319, 321 (Ala.Civ.App.2005) (“Because this court cannot acquire jurisdiction over untimely filed appeals, we must dismiss this appeal for lack of appellate jurisdiction.”).
Randy’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P. J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. A copy of Sherry's answer and counterclaim does not appear in the record; however, the trial court’s judgment indicates that such a pleading was filed.

. The trial court’s order also fined Sherry’s counsel for allegedly advising Sherry to remain in the parties’ marital residence despite the provisions of the divorce judgment.