MOORE, Judge.
J.F.M. appeals from an order of the Perry Circuit Court (“the circuit court”) entered on August 6, 2009, finding him to be the father of C.V.B., a child born to C.W.B. (“the mother”), and a final judgment entered by the circuit court on March 22, 2010, ordering him to pay a portion of the child’s postsecondary educational expenses. We dismiss the appeal as being untimely filed.
The record reveals the following. On March 28, 1997, the Perry Juvenile Court (“the juvenile court”), in case number CS-97-01, entered a judgment finding J.F.M. to be the father of the child. On February 2, 2007, J.F.M. filed in the juvenile court a “motion to reopen case # CS-97-01” in which he sought to have set aside the March 28, 1997, paternity judgment, pursuant to § 26-17A-1, Ala.Code 1975; that action was assigned case number CS-97-01.01.[1] Thereafter, on March 1, 2007, the mother filed in the juvenile court a petition seeking “post-secondary education support” for the child; that action was assigned case number CS-97-01.02.

Case Number CS-97-01.02

On April 26, 2007, the juvenile court, in case number CS-97-01.02, entered an order directing the parties and the child to appear at the Perry County courthouse on May 21, 2007, to submit to DNA testing. On May 9, 2007, J.F.M. filed an answer to the mother’s petition for postsecondary educational support in which he denied the material allegations of the petition; specifically, he denied that he was the father of the child. On May 21, 2007, J.F.M. filed a “supplemental answer and brief [and] motion to enjoin [DNA] testing” in which he asserted, among other things, that he had “filed a petition to re-open the ease to present scientific evidence that he was not the father [of the child],” that the mother had “filed a petition for post-secondary educational supports which he had] answered ... denying he was the father,” and that “[the mother] did not answer [his] petition to re-open the case and [he had] moved for a default judgment which is pending before th[e] court.” On that same date, the juvenile court entered an order directing that genetic testing be scheduled and performed by Lab Corp. After the genetic testing was completed, the juvenile court entered an order on June 22, 2007, stating, in pertinent part:
“This case was opened to consider the issues of post-secondary support and parentage. The parties submitted to DNA testing on May 21, 2007. The DNA test results have been returned to the Court with their respective findings wherein [J.F.M.] is excluded as the father of [the child]. Accordingly, this *665 case is due to be and the same is hereby ORDERED DISMISSED.”
On July 3, 2007, the mother filed a notice of appeal to the circuit court for a trial de novo; that appeal was assigned case number CV-07-39.

Case Number CV-07-39

The circuit court initially set case number CV-07-39 for a scheduling conference on August 9, 2007; after numerous continuances, the scheduling conference was eventually held on November 8, 2007, and the case was scheduled for trial on March 17, 2008. The trial was continued numerous times, but it was eventually held on July 24, 2009, and March 16, 2010.
Following ore tenus proceedings conducted on July 24, 2009, the circuit court entered an order on August 6, 2009, stating, in part, that the matter was before the court on J.F.M.’s “Petition to Re-open the Paternity Case or to Present Scientific Evidence Excluding Him as the Father of [the child]”; the circuit court found that “the relationship between [J.F.M.] and [the child] was an open relationship and that [J.F.M.] held out [the child] as his natural child for years even in the face of genetic testing excluding him that he had knowledge of in 1991 and 1992,” and it concluded that the presumption that J.F.M. is the child’s father had not been rebutted by clear and convincing evidence. The circuit court also concluded that the testimony regarding the mother’s petition for postsecondary educational support was “insufficient upon which to rule,” and it set the matter for a status conference.
The circuit court conducted ore tenus proceedings on the mother’s petition on March 16, 2010, and, on March 22, 2010, the circuit court entered a final judgment that, among other things, granted the mother’s petition and ordered J.F.M. to pay $8,000 for “accumulated post-secondary education expense[s], and $250 per month beginning April 1, 2010, through May 1, 2011, for post-secondary education expensefs].” On April 15, 2010, J.F.M. filed a motion to vacate “[the] orders and judgments entered ... and made final on March 22, 2010”; the mother filed a response to J.F.M.’s motion to vacate on June 28, 2010. On July 12, 2010, the circuit court entered an order purporting to deny the motion to vacate. J.F.M. filed his notice of appeal to this court on July 28, 2010.
The timely filing of a notice of appeal is jurisdictional. Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985). The mother’s appeal of the juvenile court’s judgment determining that J.F.M. was not the child’s father and dismissing her petition for postsecondary educational support was proceeding in the circuit court as an appeal for a trial de novo. The Rules of Juvenile Procedure apply in an appeal to the circuit court of a juvenile court’s judgment. Specifically, Rule 1(B), Ala. R. Juv. P., provides that the “[procedure shall be uniform in all juvenile courts, whether at the circuit or district court level or in the circuit court by trial de novo.” (Emphasis added.)
“Rule 4(a)(1), Ala. R.App. P., provides for a period of 14 days for the filing of a notice of appeal to this court from a judgment of the juvenile court. This 14-day period begins to run on the day on which the juvenile court’s final judgment is entered. See Gamble v. First Alabama Bank, 404 So.2d 688 (Ala.Civ.App.1981). ‘The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal.’ Rule 4(a)(3), Ala. RApp. P. See also Gamble, supra; City of Talladega v. McRae, 375 So.2d 429 (Ala. *666 1979). However, Rule 1(B), Ala. R. Juv. P., provides that ‘[a]ll post-judgment motions ... must be filed within 14-days after entry of judgment’ (emphasis added), and the time period for taking an appeal will not be suspended if a postjudgment motion is not timely filed. See Bice v. SCI Alabama Funeral Home Servs., 764 So.2d 1280, 1281 (Ala.Civ.App.2000) (‘[T]he time for appeal may be extended where a party files a timely postjudgment motion pursuant to Rule 50, 52, 55, or 59, Ala. R. Civ. P.’ (Emphasis added.)).”
D.O.L. v. J.M.P.H., 874 So.2d 560, 561-62 (Ala.Civ.App.2008).
As previously noted, the circuit court entered its final judgment on March 22, 2010. J.F.M. did not file his post-judgment motion to vacate until April 15, 2010, beyond the 14-day period allowed by Rule 1(B), Ala. R. Juv. P. Because J.F.M.’s postjudgment motion was not timely filed, it did not toll the time for taking an appeal from the March 22, 2010, judgment. See Bice v. SCI Alabama Funeral Home Servs., 764 So.2d 1280, 1281 (Ala.Civ.App.2000). As a result, J.F.M.’s notice of appeal, filed on July 28, 2010, was filed more than 14 days after the entry of the circuit court’s final judgment.
Rule 2(a)(1), Ala. R.App. P., provides that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” This court is without jurisdiction; therefore, this appeal is due to be dismissed. Asam v. City of Tuscaloosa, 585 So.2d 60 (Ala.Civ.App.1991).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The juvenile court’s case-action-summary sheet in case number CS-97-01.01 contains the following entry: "6/22/07 Dismissed.” That entry, however, is not "signed or initialed by the judge.” See Rule 58(b), Ala. R. Civ. P. ("A written order or judgment will be sufficient if it is signed or initialed by the judge....”).