MOORE, Judge.
 

 Dianne Loftin Brooke (“the former wife”) appeals from a judgment of the Montgomery Circuit Court (“the trial court”) establishing the current child-support arrearage of Herbert Wilson Bellisle, Jr. (“the former husband”). We dismiss the former wife’s appeal.
 

 The former wife and the former husband were divorced by a judgment of the trial court on April 26, 1974. That divorce judgment ordered the former husband to pay child support in the amount of $200 per month. On May 7, 1975, the trial court entered an order concluding that the former husband was $1,350 in arrears on his child-support obligation and reducing his monthly child-support obligation to $100 per month; the former husband was further ordered to pay $50 per month toward his arrearage.
 

 On July 1, 1997, the former wife filed a petition to show cause, alleging that the former husband was $20,060 in arrears on his child-support payments. On August 20, 1997, the trial court entered an order stating that there had been an oral agreement between the parties that there would be no further child support paid, but it noted that the parties were prohibited by law from orally vacating the former husband’s child-support obligations. The trial court allowed a $400 credit to the former husband for a period during which the parties’ child lived with the former husband and entered a judgment in favor of the former wife in the amount of $19,960 for unpaid child support. The trial court ordered the former husband to pay $100 per month until the arrearage was paid in full. An order of continuing income withholding was entered on August 20, 1997, instructing the former husband’s employer to withhold $100 per month from the former husband’s income until the $19,960 judgment was paid in full.
 

 On September 8, 1997, the former wife filed a motion to alter, amend, or vacate the trial court’s order, asserting that the trial court had failed to calculate 12% interest into the arrearage and that the payments of $100 per month would never satisfy the arrearage amount plus interest; she requested that the 12% interest be calculated and added to the arrearage amount and that the amount of the monthly payments be increased or, in the alternative, that a new trial be granted. On October 29,1997, the trial court entered an order finding the former husband in arrears in the amount of $42,256.33, including interest. The trial court further or
 
 *1281
 
 dered the former husband to pay $350 per month toward that arrearage.
 

 On November 3,1997, the parties filed a joint motion to amend the trial court’s judgment, asserting that they had reached an agreement to allow the former husband to pay $200 per month toward the arrear-age and $50 per month toward the interest thereon for one year, after which the former husband would begin paying $200 per month toward the arrearage and $150 per month toward the interest thereon. The trial court entered a judgment granting that joint motion on November 4, 1997. The trial court entered a withholding order in accordance with that judgment.
 

 On September 30, 2009, the former husband filed a petition, supported by his affidavit, seeking the termination of the income-withholding order. The former wife filed an objection to the former husband’s petition. On December 17, 2009, the trial court entered a judgment finding that the balance of the former husband’s child-support arrearage was $8,749.63 and ordering the former husband to continue paying $350 per month until that amount was paid in full; the trial court ordered that the income-withholding order be reissued to the former husband’s employer. The former wife filed a motion to alter, amend, or vacate the judgment on December 22, 2009. The former husband filed a response to the former wife’s motion on December 30, 2009, an additional response on January 22, 2010, and a brief in opposition to the former wife’s motion on February 3, 2010. On February 18, 2010, the trial court entered an order denying the former wife’s postjudgment motion.
 

 On March 3, 2010, the former husband filed a motion for the immediate termination of the income-withholding order and the garnishment of his wages, asserting that he had deposited the sum of $8,060 with the clerk of the court, satisfying the arrearage judgment. On March 8, 2010, the trial court entered an order terminating the garnishment and income-withholding order based on the former husband’s payment of the outstanding judgment.
 

 On April 16, 2010, the former wife filed a notice of appeal to this court. On appeal, the former wife argues that the trial court erred in the December 17, 2009, judgment in determining the balance of the former husband’s child-support arrearage to be $8,749.63.
 

 Although neither party has raised the issue of this court’s jurisdiction, “jurisdictional matters are of such significance that an appellate court may take notice of them
 
 ex mero motu.” Kennedy v. Merriman,
 
 963 So.2d 86, 88 (Ala.Civ.App.2007). “The timely filing of a notice of appeal is a jurisdictional act.”
 
 R.J.G. v. S.S.W.,
 
 42 So.3d 747, 751 (Ala.Civ.App.2009). Rule 4(a)(1), Ala. R.App. P., provides, in pertinent part:
 

 “Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3[, Ala. R.App. P.,] shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.... ”
 

 The time for an appeal may be extended, however, in cases, such as the present case, in which a party filed a timely post-judgment motion.
 
 Deal v. Deal,
 
 55 So.3d 270, 272 (Ala.Civ.App.2010). “If a party files a timely postjudgment motion, the party has 42 days from the denial of the postjudgment motion to appeal a final judgment.”
 
 Deal,
 
 55 So.3d at 272.
 

 In the present case, the former wife filed a timely postjudgment motion from the trial court’s December 17, 2009, judgment, which determined the balance of
 
 *1282
 
 the former husband’s child-support arrear-age. That motion was denied on February 18, 2010. The relief requested in the former husband’s March 3, 2010, motion was not directed toward amending the trial court’s December 17, 2009, judgment and did not request a new trial; thus, it was not a postjudgment motion that tolled the time for taking an appeal.
 
 See Deal,
 
 55 So.3d at 272. Thus, the former wife’s appeal, in order to be timely, must have been filed within 42 days from February 18, 2010, i.e., on or before April 1, 2010. The former wife did not file her notice of appeal of the trial court’s judgment establishing the former husband’s arrearage until April 16, 2010, outside the 42-day period. Thus, the former wife’s appeal was untimely filed. “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App. P.
 
 See also Deal,
 
 55 So.3d at 273. We, therefore, dismiss the former wife’s appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.